SLIP OPINION

Cite as 2014 Ark. 413

# SUPREME COURT OF ARKANSAS

No. CR-13-1067

| | |
|---|---|
| JEREMY CLAY THOMPSON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** OCTOBER 9, 2014<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-12-442A-3]<br><br>HONORABLE GRISHAM PHILLIPS, JUDGE<br><br>REVERSED AND DISMISSED. |

**DONALD L. CORBIN, Associate Justice**

Appellant Jeremy Clay Thompson appeals the order of the Saline County Circuit Court convicting him of the offense of failure to appear, a Class C felony, and sentencing him to a term of imprisonment of seven years. On appeal, he argues that the circuit court erred in denying his motion for a directed verdict because there was insufficient evidence to support his conviction because he had not yet been charged with a crime when he failed to appear. We accepted certification of this case from the Arkansas Court of Appeals because it involves an issue of first impression and an issue needing clarification of the law; hence, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1-2(b)(1) and (5) (2014). We reverse and dismiss.

Appellant was arrested on August 21, 2012, for the felony offense of theft of property. He was arrested pursuant to a warrant issued by the Saline County Circuit Court on

August 17, 2012.[1] Appellant signed an "Appearance Agreement" on August 22, 2012, agreeing to appear in the Saline County District Court on September 4, 2012, at 1:00 p.m. and agreeing to pay an unsecured cash bond of $2,500, which required him to pay $250 that day. This agreement was signed by Appellant and the Saline County sheriff. Appellant did not appear in district court that day as required, and the Saline County district judge issued an arrest warrant for Appellant on the theft charge and a failure-to-appear charge. The State subsequently filed a felony information on September 26, 2012, alleging that Appellant committed the offenses of theft of property, a Class D felony, failure to appear, a Class C felony, and was a habitual offender. After Appellant was arrested again, he appeared before a district judge and was released by order of the district court pursuant to a "Pre-Trial Release Order," entered on November 21, 2012. Pursuant to this order, Appellant was required to post a $15,000 sheriff's bond and was to appear in district court on December 11, 2012. This order also advised Appellant that a violation of the order could "result in sanctions including arrest, imposition of additional costs and/or revocation of Defendant's release."

Appellant again appeared in district court on the required date. Thereafter, on December 13, 2012, the district court entered an appearance order stating that Appellant had been informed of the pending charges, had waived a formal reading, had entered a plea of not

---

[1]At the bottom of this arrest warrant there is a "Return of Service" that was to be completed by the sheriff or deputy sheriff upon Appellant's arrest and includes a blank to fill in the amount of bail ordered, as well as a blank for the signature of a judge. This was all left blank on Appellant's arrest warrant.

guilty, and had been ordered to appear in the Saline County Circuit Court on December 17, 2012.

A jury trial was held on June 5, 2013, at which time the State nol-prossed the theft-of-property charge. Following the presentation of the State's evidence, Appellant moved for a directed verdict. In so doing, Appellant argued that the State failed to meet its burden of proof because at the time of the alleged failure to appear, Appellant had not been formally charged with a criminal offense. The circuit court denied the motion. Appellant renewed his directed-verdict motion at the close of all the evidence, but the circuit court again denied it. Prior to the court instructing the jury, Appellant proffered a nonmodel jury instruction setting forth the offense of failure to appear, which included an element that a formal charge was pending at the time Appellant failed to appear. The circuit court declined to give this instruction. The jury found Appellant guilty and sentenced him as a habitual offender to a term of seven years' imprisonment. This appeal followed.

Appellant's sole point on appeal is that the circuit court erred in denying his motion for a directed verdict because he could not be convicted of the offense of felony failure to appear when he had not yet been charged with any criminal offense. The State counters that the circuit court properly denied Appellant's motion because, even assuming that there must be a felony charge pending at the time Appellant failed to appear, the theft-of-property charge

was pending in the sense that there was a pending offense awaiting the filing of formal charges.[2]

On appeal, we treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *See Laswell v. State*, 2012 Ark. 201, 404 S.W.3d 818. In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *See id.* Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *See id.* When a defendant challenges the sufficiency of the evidence that led to a conviction, the evidence is viewed in the light most favorable to the State. *See Sullivan v. State*, 2012 Ark. 74, 386 S.W.3d 507.

The issue in this appeal turns on the language found in the failure-to-appear statute, codified at Arkansas Code Annotated section 5-54-120. The version of the statute, which is applicable in this case, provided as follows:

> (a) A person commits the offense of failure to appear if he or she fails to appear without reasonable excuse subsequent to having been:
>
> . . . .
>
> (2) Lawfully set at liberty upon condition that he or she appear at a specified time, place, and court.

---

[2]We disagree with the State's assertion that Appellant's argument is not preserved for our review because "the jury was not instructed to consider the pendency of the theft charge as an element of failure to appear." The issue of which instructions were given is irrelevant to a review of a directed-verdict motion, because that motion is decided by the circuit court before the case is submitted to a jury.

(b) Failure to appear is a Class C felony if the required appearance was in regard to a pending charge or disposition of a felony charge either before or after a determination of guilt of the charge.

Ark. Code Ann. § 5-54-120(a)(2), (b) (Supp. 2011).

Clearly, under section 5-54-120(b), the offense of failure to appear can only be a Class C felony if the required appearance was "in regard to a pending charge or disposition of a felony charge either before or after a determination of guilt of the charge." Appellant asserts that the word "pending" as used in section 5-54-120(b) necessarily contemplates that a charge has already been filed against an accused. The State counters that such an interpretation defies basic rules of statutory construction.

This court reviews issues of statutory interpretation de novo, as it is for this court to decide the meaning of a statute. *See Newman v. State*, 2011 Ark. 112, 380 S.W.3d 395. We construe criminal statutes strictly, resolving any doubts in favor of the defendant. *See id.* We also adhere to the basic rule of statutory construction, which is to give effect to the intent of the legislature. *See id.* We construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, and if the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *See id.*

Under these rules, we must first look to the plain language of the statute and only then, if the language is ambiguous, do we resort to the rules of statutory interpretation. In *Webster's New World Dictionary* 998 (3d College ed. 1988), the word "pending" in its adjective form is defined as "not decided, determined, or established." The definition uses the example "a

pending lawsuit" to illustrate the word's meaning. Similarly, *Black's Law Dictionary* defines "pending" in its adjective form as "[r]emaining undecided; awaiting decision." *Black's Law Dictionary* 1248 (9th ed. 2009). Under these two definitions, it is clear that a "pending charge," as used in section 5-54-120(b), means a charge that has been filed but not yet adjudicated.

The State acknowledges the aforementioned definitions but argues that "pending" as defined in *Black's* is also "commonly understood to refer to events—such as the filing of formal charges—after a case has been initiated by arrest." *See Black's Law Dictionary* 1248 (9th ed. 2009). But, the State fails to acknowledge the fact that its preferred definition of "pending" applies when the word is used as a preposition, such as "pending the filing of charges." The word "pending" as used in section 5-54-120(b) is used as an adjective to modify the word "charge." Moreover, we do not agree that interpreting "pending" to mean a charge that has already been filed would render the rest of the language in section 5-54-120(b) superfluous. The remainder of that provision, "disposition of a felony charge either before or after a determination of guilt of the charge," simply specifies that an accused must appear at proceedings when there is going to be a disposition of a felony charge, whether it be a trial, dismissal, or other adjudication of a felony charge (before a determination of guilt) or sentencing (after a determination of guilt). Accordingly, the circuit court erred in denying

Appellant's motion for a directed verdict because there was not sufficient evidence supporting his conviction.[3] We therefore reverse and dismiss his conviction and sentence.

Reversed and dismissed.

BAKER and GOODSON, JJ., concur.

**COURTNEY HUDSON GOODSON, Justice, concurring.** I agree that the evidence was insufficient to support the conviction in this case because the State failed to prove that Thompson had a pending charge against him; however, I write to clarify that a "pending charge" is not an element of the offense of failure to appear. Rather, the State was required to prove the existence of a "pending charge" because it sought to classify Thompson's charge as a class C felony under the statute.

The plain language of the statute governing the offense of failure to appear establishes the elements of that offense and states,

> A person commits the offense of failure to appear if he or she fails to appear without reasonable excuse subsequent to having been:
> (1) Cited or summonsed as an accused; or
> (2) Lawfully set at liberty upon condition that he or she appear at a specified

---

[3]Although the issue was not raised by Appellant, we note our concern with the process surrounding Appellant's arrest and release. The "Return of Service" on the initial arrest warrant was never completed nor does it bear the required signatures of the sheriff or a judge. The "Appearance Agreement" signed by Appellant, which was the basis for the charge of failure to appear, was signed only by Appellant and the Saline County sheriff. Cheryl Spade, the Saline County district court clerk, testified at trial that sometimes an accused is "bonded out by the Saline County Sheriff's Department in advance and they set the date, and that's what happened in this case." Nothing in our Rules of Criminal Procedure allow the release of an arrested person by anyone other than a judicial officer. *See* Ark. R. Crim. P. 9.1, 9.2 (2012).

time, place, and court.

Ark. Code Ann. § 5-54-120(a) (Supp. 2013). Notably, the statutory elements do not incorporate the phrase "pending charge." Indeed, the plain language of the statute indicates that the General Assembly did not intend to require a pending charge in all cases of failure to appear because it provided two distinct avenues for the offense to occur. First, a person can be convicted of failure to appear pursuant to subsection (a)(1) where he or she has been "cited or summonsed as an accused" and fails to appear without reasonable excuse. This subsection ostensibly covers those instances where the defendant has been formally charged by the State. The statute provides an additional possibility for conviction in subsection (a)(2), namely where a person has been "lawfully set at liberty upon condition that he or she appear at a specified time, place, and court." As subsection (a)(1) covers those instances in which a person has been formally charged, subsection (a)(2) necessarily must mean something different. It is a fundamental principle of statutory interpretation that this court construes the statute so that no word is left void, superfluous, or insignificant, and this court gives meaning and effect to every word in the statute, if possible. *Holbrook v. Healthport, Inc.*, 2014 Ark. 146; *see also Ainsworth v. State*, 367 Ark. 353, 240 S.W.3d 105 (2006). Thus, the statute contemplates that a person can commit the offense of failure to appear where there has been no formal charge as long as that person has been lawfully set at liberty upon condition that he or she appear at a specified time, place, and court.

Subsection (b) deals with classification of the failure-to-appear offense and provides that an offense is a class C felony "if the required appearance was in regard to a pending charge or

disposition of a felony charge either before or after a determination of guilt of the charge." Ark. Code Ann. § 5-54-120(b) (Supp. 2013). Factors relating to classification of a crime are "relevant only to the determination of sentence" and not elements of the crime itself. *Wilson v. State*, 271 Ark. 682, 687-A, 611 S.W.2d 739, 742 (1981). Such classification factors must be established by a preponderance of the evidence. *See Huff v. State*, 2012 Ark. 388. In the instant case, the State sought to classify Thompson's offense as a class C offense and thus was required to establish the existence of a pending charge, which it failed to do. As a result, I agree that the evidence was insufficient to support Thompson's conviction for the offense of class C failure to appear.

BAKER, J., joins.

*J. Brent Standridge*, Saline County Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.