SLIP OPINION

Cite as 2016 Ark. 175

# SUPREME COURT OF ARKANSAS

No. CR–15–613

| | | |
|---|---|---|
| MICHAEL L. BURGESS | | **Opinion Delivered** April 21, 2016 |
| | APPELLANT | |
| | | |
| V. | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CR-10-4135] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE BARRY SIMS, JUDGE |
| | | |
| | | AFFIRMED. |

**PAUL E. DANIELSON, Associate Justice**

Appellant Michael L. Burgess appeals the Pulaski County Circuit Court's denial of his request for jail-time credit against his sentence of imprisonment. On appeal, Burgess argues that he is entitled to the credit pursuant to statute. This case was certified to this court from the Arkansas Court of Appeals in accordance with Arkansas Supreme Court Rule 1–2(d) (2015), on the basis that it presents a significant issue needing clarification or development of the law and a substantial question of law concerning the interpretation of an act of the General Assembly. *See* Ark. Sup. Ct. R. 1–2(b)(5) & (6) (2015). We affirm.

Burgess was charged in June 2011 with one count of misdemeanor domestic battering in the third degree and three counts of felony terroristic threatening in the first degree.[1] He

---

[1] Burgess was initially charged in December 2010. The information was amended in June 2011.

pleaded guilty to all charges and was placed on one year's probation for the misdemeanor and five years' probation for the felonies. He was also ordered to pay a fine and court costs, complete domestic-violence classes, and submit to random drug screens. Furthermore, as a condition of his five years' probation for the felonies, Burgess was ordered to serve 120 days' confinement in the Pulaski County Jail.

In November 2012, the State filed a petition to revoke Burgess's probation on the grounds that he had failed to report, failed to pay supervision fees, failed to pay his fine and court costs, and failed to provide his supervising officer with his current contact information. Burgess entered a plea of guilty, and the circuit court ordered him to return to the original terms of his probation. Accordingly, he was placed on forty-six months' probation and ordered to pay a fine and court costs.

In September 2014, the State filed a second petition to revoke Burgess's probation, alleging that he had again failed to report and failed to pay his fine and court costs and that he had also failed to complete domestic-violence classes as ordered and had two positive drug screens. Burgess again entered a plea of guilty. Pursuant to an agreement between the parties, the circuit court sentenced Burgess to thirty-six months' imprisonment in the Arkansas Department of Correction on the three felony counts of first-degree terroristic threatening. At the plea hearing, a dispute arose over the amount of jail-time credit to which Burgess was entitled. The defense asserted that Burgess was entitled to 125 days, which included the 120 days he had previously served in confinement when he was first placed on probation. The circuit court initially stated that it would award Burgess 125 days' jail-time credit, but the

State then objected, arguing that Burgess was not entitled to credit for the 120 days' confinement. The circuit court set the matter for a later hearing.

At a hearing on April 6, 2015, Burgess's counsel argued that he was entitled to jail-time credit for the 120 days' confinement in accordance with Arkansas Code Annotated section 5-4-404 (Repl. 2013). The State responded that the statute provides for credit for pretrial incarceration, not confinement imposed as a condition of probation. The circuit court rejected Burgess's argument, stating, "He's got a new 36 months so he doesn't get credit for what he has done before this new judgment." The circuit court ultimately awarded Burgess thirty-one days' jail-time credit to account for the time he spent incarcerated between his arrest and the final hearing. Burgess filed a timely notice of appeal from the sentencing order.

As his sole point on appeal, Burgess contends that the circuit court erred in failing to award him jail-time credit against his three-year sentence for the 120 days he spent in confinement when he was originally placed on probation. He maintains that section 5-4-404, along with Arkansas Code Annotated section 16-93-309(c) (Supp. 2015), both provide for jail-time credit for time served in confinement as a condition of probation. In response, the State argues that section 5-4-404 concerns time served in pretrial incarceration, while section 16-93-309(c) concerns time served in incarceration following the revocation of probation; thus, neither is applicable here.

As a threshold matter, the State submits that Burgess's appeal is an improper attempt to appeal from his plea of guilty to the State's second revocation petition. Arkansas Rule of Appellate Procedure–Criminal 1(a) (2015) provides that "there shall be no appeal from a plea

3

of guilty or nolo contendere." *See Canada v. State*, 2014 Ark. 336, 439 S.W.3d 42 (per curiam). The rule provides an exception, not applicable here, for conditional pleas of guilty pursuant to Arkansas Rule of Criminal Procedure 24.3(b). Two additional exceptions to the general rule are (1) when there is a challenge to testimony or evidence presented in a sentencing hearing separate from the plea itself, and (2) when the appeal is from a posttrial motion challenging the validity and legality of the sentence itself. *See id.*; *Nelson v. State*, 2012 Ark. 217 (per curiam). Absent one of the exceptions, a defendant waives his right to appeal when he pleads guilty. *See Nelson*, 2012 Ark. 217.

Burgess contends that an exception is applicable here—namely, that he is appealing from the denial of a postjudgment motion challenging the validity and legality of his sentence. As he points out, this court has previously permitted a defendant who pleaded guilty to appeal from the denial of a postjudgment motion for jail-time credit. *See Jones v. State*, 301 Ark. 510, 785 S.W.2d 217 (1990). In a supplemental opinion on denial of rehearing in *Jones*, we specifically rejected the State's argument that the appeal was an improper attempt to appeal from a guilty plea. *See Jones v. State*, 301 Ark. 510, 512-A, 789 S.W.2d 730, 730 (1990) (per curiam) (supplemental opinion on denial of rehearing). We held that the defendant's motion for jail-time credit, filed eighteen days after his guilty plea, was timely, and that "we had appellate jurisdiction to decide the correctness of the trial court's decision." *Id.* at 512-A, 789 S.W.2d at 731.

The State responds that the instant case is distinguishable from *Jones* because Burgess did not file a postjudgment motion for jail-time credit. Instead, he requested the credit during

his guilty plea hearing. According to the State, this case is more akin to *Kennedy v. State*, 2013 Ark. App. 140, wherein a defendant requested jail-time credit at his plea hearing, before pleading guilty. The court of appeals dismissed the appeal, stating as follows:

> Appellant's appeal does not fall within any of the exceptions allowing an appeal from a guilty plea. He . . . did not file a posttrial motion to modify his sentence. Unlike the defendant in *Jones*, the jail-time credit case in which the supreme court allowed an appeal from a guilty plea, appellant did not file a posttrial motion to modify his sentence. Rather, he requested jail-time credit at the beginning of his plea hearing. After discussion of the issue and a ruling by the judge from the bench that he was denying appellant's request for the additional jail-time credit, the court continued with the plea hearing, and appellant pleaded guilty in all four cases. This is not an appeal from the decision on a posttrial motion. The denial of jail-time credit was an integral part of the acceptance of appellant's guilty plea.

*Id.* at 3–4. The State relies on *Kennedy* in support of the proposition that, under *Jones*, a postjudgment motion requesting jail-time credit is required to appeal from a guilty plea. Burgess disagrees, pointing out that *Jones* did not directly address situations like this one, where no postjudgment motion was filed. He argues that an opinion is precedent only on issues that were actually presented for decision. *See, e.g.*, *McLeod v. Shaver*, 198 Ark. 56, 127 S.W.2d 258 (1939). Burgess also argues that the *Kennedy* analysis is inapplicable here because his request for jail-time credit was made *after* he pleaded guilty and was, therefore, not integral to the circuit court's acceptance of his plea.

In short, this case is not exactly like *Jones* or *Kennedy*; Burgess did not file a postjudgment motion for jail-time credit, but his request did follow his guilty plea. Other case law demonstrates that the latter fact is more important than the former. This court has been consistent in holding that a defendant may appeal following a guilty plea when "the

SLIP OPINION

appeal is from a decision which was neither a part of the guilty plea acceptance nor the sentencing procedure which was an integral part of the guilty plea acceptance." *Hodge v. State*, 320 Ark. 31, 33, 894 S.W.2d 927, 929 (1995). *See also Henagan v. State*, 302 Ark. 599, 791 S.W.2d 371 (1990) (dismissing appeal from the sentencing procedure which was an integral part of the acceptance of the guilty plea); *Brimer v. State*, 295 Ark. 20, 746 S.W.2d 370 (1988) (allowing appeal from the denial of a posttrial motion to correct an illegal sentence). Stated another way, where the appellant's "assignment of error involves nonjurisdictional issues that occurred subsequent to his guilty plea," we will address the merits of his argument on appeal. *Pedraza v. State*, 2014 Ark. 298, at 5, 438 S.W.3d 226, 229. In *Sherman v. State*, 303 Ark. 284, 796 S.W.2d 339 (1990), this court explained the distinction specifically with respect to requests for jail-time credit:

> The distinction between *Jones* and *Henagan* is a fine one, but it is significant. Jones appealed from the trial court's failure to *modify* his sentence by applying jail time credit. The validity of the sentence imposed as a direct result of his guilty plea was not questioned. In *Henagan*, the appellant simply challenged the sentence he received upon his plea of guilty. The key in each case was whether the appeal was from "the sentencing procedure which was an integral part of the acceptance of [the] plea of guilty." Failure to credit jail time in *Jones* was not an integral part of the acceptance of the guilty plea. Failure to impose probation instead of a term of years in *Henagan was* an integral part of the acceptance of the guilty plea.

*Id.* at 286, 796 S.W.2d at 340 (emphasis in original) (alteration in original).[2]

---

[2]In his reply brief, Burgess asserts that this court should overrule *Kennedy*. While the analysis in that case was very brief, the holding comports with *Sherman* and other cases stating that a defendant may appeal following a guilty plea when the assignment of error involves an issue that was not an integral part of the guilty plea or the trial court's acceptance of it.

With this precedent in mind, we cannot say that Burgess's request for jail-time credit was an integral part of his guilty plea or of the circuit court's acceptance of it. As he points out, he had already entered his plea, and the circuit court had already accepted it and sentenced him, before the issue of jail-time credit arose. In addition, the issue of jail-time credit was heard, for the most part, at a subsequent hearing. Consequently, this case is distinguishable from *Kennedy*, where the defendant's request for jail-time credit was made at the beginning of his plea hearing, before he pleaded guilty, and it was clear that the denial of the request was an integral part of the acceptance of the plea. For these reasons, we have jurisdiction, and we address the merits of Burgess's appeal.

Burgess's argument on appeal raises an issue of statutory interpretation. This court reviews questions of statutory interpretation de novo because it is our responsibility to determine what a statute means. *See, e.g.*, *Thompson v. State*, 2014 Ark. 413, 464 S.W.3d 111; *Buckley v. State*, 349 Ark. 53, 76 S.W.3d 825 (2002).

As Burgess correctly points out, sentencing is controlled entirely by statute. *See, e.g.*, *Ark. Dep't of Corr. v. Williams*, 2009 Ark. 523, 357 S.W.3d 867 (citing *Elders v. State*, 321 Ark. 60, 900 S.W.2d 170 (1995)). He contends that two separate statutes required the circuit court to award him credit for the 120 days he spent in confinement when he was first placed on probation, and he submits that this case must be remanded for resentencing accordingly.

First, Burgess relies on Arkansas Code Annotated section 5-4-404, which provides as follows, in its entirety:

SLIP OPINION

If a defendant is held in custody for conduct that results in a sentence to imprisonment or confinement as a condition of suspension or probation, the court, the Department of Correction, or the Department of Community Correction shall credit the time spent in custody against the sentence, including time spent in a local jail facility awaiting transfer to the Department of Correction or the Department of Community Correction.

Ark. Code Ann. § 5-4-404 (Repl. 2013). Burgess interprets this statute to mean that, because he was held in confinement as a condition of probation, the circuit court should have credited that time against his three-year sentence. The State interprets the statute to mean that a defendant is entitled to credit only for time spent in custody prior to being sentenced—thus, time spent in custody "for conduct that *results in* a sentence to imprisonment or confinement as a condition of suspension or probation." *See id*. (emphasis added). The State's interpretation is correct.

It is well settled that we construe criminal statutes strictly, resolving any doubts in favor of the defendant. *See, e.g.*, *Thompson*, 2014 Ark. 413, 464 S.W.3d 111. We also adhere to the basic rule of statutory construction, which is to give effect to the intent of the legislature. *See id*. We construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, and if the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no need to resort to rules of statutory interpretation. *See id*.

Reading the plain language of section 5-4-404, the key phrase is "conduct that results in." This language in particular lends support to the State's interpretation, that credit is given only for time spent in pretrial incarceration. Burgess's interpretation of the statute requires

8

that we omit those words, thus: "If a defendant is held in custody for . . . confinement as a condition of suspension or probation," he is entitled to credit against the sentence. It is axiomatic that, in interpreting a statute, we construe it so that no word is left void, superfluous, or insignificant, and we give meaning and effect to every word in the statute, if possible. *See, e.g., Ainsworth v. State*, 367 Ark. 353, 240 S.W.3d 105 (2006). In addition, Burgess's interpretation ignores the fact that there must be some subsequent sentence against which the credit is applied. The statute provides only that the credit shall be applied "against the sentence." Ark. Code Ann. § 5-4-404. In Burgess's particular case, obviously, he means that it shall be applied against his ultimate sentence to three years' imprisonment. But under his interpretation, a defendant who is held in custody for a "sentence to imprisonment" would be entitled to a credit against that very same sentence. In situations other than pretrial incarceration, this would lead to an absurd result. *See, e.g., State v. Owens*, 370 Ark. 421, 260 S.W.3d 288 (2007) (stating that we will not interpret a statute to yield an absurd result that defies common sense).

To the extent that section 5-4-404 is ambiguous, an examination of prior case law addressing this statute supports the State's interpretation over Burgess's. We have applied section 5-4-404 and its predecessor in situations involving pretrial incarceration almost exclusively. *See, e.g., Carey v. State*, 268 Ark. 332, 596 S.W.2d 688 (1980); *Laxton v. State*, 99 Ark. App. 1, 256 S.W.3d 518 (2007); *Hodges v. State*, 267 Ark. 1112, 593 S.W.2d 494 (Ark. App. 1980). In *Boone v. State*, 270 Ark. 83, 85, 603 S.W.2d 410, 412 (1980), we considered the predecessor to section 5-4-404 and said that "[j]ail-time credit is, therefore,

9

appropriate when a defendant's pretrial incarceration is due to his inability to make bail, but is inappropriate for time served in connection with wholly unrelated charges based on conduct other than for which the defendant is ultimately sentenced." Perhaps most persuasive is *Allen v. State*, wherein we interpreted the predecessor to section 5-4-404 and held as follows:

> We have always strictly construed this statute. The statute provides for jail time credit against a sentence where the pretrial incarceration was imposed due to the conduct that resulted in a conviction and sentence.

294 Ark. 209, 217, 742 S.W.2d 886, 891 (1988). *See also Hughes v. State*, 281 Ark. 428, 430, 664 S.W.2d 471, 472 (1984) (interpreting the predecessor to section 5-4-404 to mean that a defendant "was entitled to credit for all the time he was held to answer for the conduct giving rise to the sentence he received").

The statute has been applied in a handful of other situations. For example, this court has applied it to allow a defendant credit for time served before his guilty plea was set aside on appeal. *See Walters v. State*, 267 Ark. 155, 621 S.W.2d 468 (1979). We held that the defendant in *Walters* was entitled to credit against the sentence he received after he was tried on remand. *See id*. In an unpublished opinion, the court of appeals applied section 5-4-404 to facts substantially similar to those presented here. *See Crawford v. State*, 1997 WL 769560 (Ark. App. 1997). In *Crawford*, the defendant was serving a period of confinement as a condition of his suspended sentence. The State filed a petition to revoke while he was still incarcerated; the defendant was found guilty and sentenced to imprisonment. The court of appeals held that he was entitled to jail–time credit for the earlier period of confinement

because "that period of detention resulted from the same acts upon which the revocation and ultimate sentence to imprisonment were based." *Id.* at 2. However, this holding relied on the finding that the defendant's "continued confinement was for final disposition" of the charges to which he initially pleaded guilty and for which he was placed on suspended sentence. *Id.* at 1. The same is not true in the instant case; Burgess served his entire 120-day confinement period and was released before the State filed its petitions to revoke. Accordingly, he did not serve a period of continued confinement that constituted final disposition of the initial charges.

The legislative history of section 5-4-404 also supports the State's interpretation. Prior to a 2001 amendment, the statute read as follows:

> If a defendant is held in custody for conduct that results in a sentence to imprisonment, the court shall credit the time spent in custody against the sentence.

Ark. Code Ann. § 5-4-404 (Repl. 1997). This version was plain and unambiguous, and there could be only one reasonable interpretation: that a defendant was entitled to credit for time served while awaiting trial or sentencing. The 2001 amendment added the phrase "or confinement as a condition of suspension or probation," and a "sentence" to confinement was clearly intended to be treated like a sentence to imprisonment for purposes of this statute.[3] In addition, the statute authorizing and governing confinement as a condition of suspension

---

[3] To the extent that the State suggests that the 120 days that Burgess served in confinement actually constituted a sentence, we disagree. The confinement was obviously a condition of probation authorized by Arkansas Code Annotated section 5-4-304.

or probation—Arkansas Code Annotated section 5-4-304—previously contained an express statement mandating jail-time credit under these circumstances:

> If the suspension or probation of a defendant is subsequently revoked and the defendant is sentenced to a term of imprisonment, the period actually spent in confinement pursuant to this section shall be credited against the subsequent sentence.

Ark. Code Ann. § 5-4-304(e) (Repl. 2006). Under this version of the statute, Burgess would have been unquestionably entitled to credit for the 120 days. However, the legislature chose to remove subsection (e) altogether in 2011. We may presume that the legislature "did not intend to pass an act without purpose." *See, e.g.*, *Wells v. State*, 337 Ark. 586, 589, 991 S.W.2d 114, 116 (1999). Thus, the fact that the legislature removed subsection (e) and has not reinstated it or reenacted it elsewhere in the Criminal Code indicates an intention to dispense with the provision.

For all of these reasons, we hold that section 5-4-404 is inapplicable to this case. Burgess was not "held in custody for conduct that result[ed] in a sentence to . . . confinement as a condition of suspension or probation"; in other words, he was not held in custody as a matter of pretrial incarceration. Rather, he served time in confinement as a condition of probation. He is not entitled to jail-time credit for that confinement under section 5-4-404.

Second, Burgess relies on Arkansas Code Annotated section 16-93-309(c), which provides as follows:

> If the suspension or probation of a defendant is subsequently revoked and the defendant is sentenced to a term of imprisonment, any period of time actually spent in confinement due to the original revocation shall be credited against the subsequent sentence.

SLIP OPINION

Ark. Code Ann. 16-93-309(c) (Supp. 2015). This statute, however, is clearly and wholly inapplicable here. Under its plain and unambiguous terms, it addresses a situation in which a defendant's suspension or probation is revoked twice, the second time resulting in a sentence to imprisonment. It provides that a defendant in that situation is entitled to a credit against his sentence to imprisonment for the time he served in confinement for the first revocation. This interpretation is obvious from the statute's use of the phrase "original revocation." Additionally, subsection (b) addresses a "subsequent revocation" and provides that a court may revoke a defendant's suspension or probation and sentence him to imprisonment upon a subsequent revocation, even if, as a result of an earlier revocation, he was ordered to continue on suspension or probation. It follows that subsection (c) also addresses subsequent revocations.

Here, the 120 days that Burgess served in confinement did not result from a revocation of his probation. Indeed, it preceded both of the revocation petitions filed by the State. As noted above, the 120 days' confinement constituted a condition of his probation. Accordingly, section 16-93-309(c) provides no relief to Burgess.

Burgess is not entitled to jail-time credit under either section 5-4-404 or section 16-93-309(c). Therefore, we affirm the circuit court's denial of his request for jail-time credit.

Affirmed.

BAKER and HART, JJ., dissent.

**JOSEPHINE LINKER HART, Justice, dissenting.** The majority misreads the statute as it applies to the facts presented here. Further, the majority adds words to the statute in

SLIP OPINION

order to support its interpretation. Also, after noting that the statute is ambiguous, the majority does not apply the rule of lenity that is applicable when interpreting ambiguous criminal statutes. Thus, I respectfully dissent.

Arkansas Code Annotated section 5-4-404 (Repl. 2013) provides as follows:

> If a defendant is held in custody for conduct that results in a sentence to imprisonment or confinement as a condition of suspension or probation, the court, the Department of Correction, or the Department of Community Correction shall credit the time spent in custody against the sentence, including time spent in a local jail facility awaiting transfer to the Department of Correction or the Department of Community Correction.

Thus, if a defendant is held in "custody" for "conduct" that results in a "sentence to imprisonment," then the defendant is entitled to "credit" against the "sentence" for the "time spent in custody."

Here, all three elements are present. First, Michael L. Burgess pleaded guilty to "conduct," specifically, three counts of first-degree felony terroristic threatening. Second, on revocation, his "conduct" resulted in a "sentence of imprisonment" of thirty-six months. Third, he was held in "custody" for 120 days for "conduct" that constituted the underlying offense and not for violating a condition of probation. Moreover, the 120 days was not a sentence; it was custody because that period of time is "not deemed a sentence to a term of imprisonment." Ark. Code Ann. § 5-4-304(b). Thus, he is entitled to credit for the time spent in custody—120 days—against the sentence of thirty-six months' imprisonment.

The majority concludes that "custody" means "pretrial incarceration." In order to reach that conclusion, the majority essentially adds the word "pretrial" to the statute as a word

of limitation on the statute's applicability. This is not a permissible method of statutory construction. In construing statutes, this court will not add words to a statute to convey a meaning that is not there. *Our Cmty., Our Dollars v. Bullock*, 2014 Ark. 457, at 18, 452 S.W.3d 552, 563.

Furthermore, the majority states that the statute is ambiguous. Thus, the applicable rule of construction is that ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity. *State v. Colvin,* 2013 Ark. 203, at 10, 427 S.W.3d 635, 641 (Baker, J., dissenting). Despite the majority's assertion of ambiguity, however, it nevertheless construes the statute against Burgess. Essentially, the majority has increased the statutory maximum for any sentence by 120 days although this increase has not been expressly stated anywhere in our criminal statutes. A sentence that exceeds the statutory maximum is an illegal sentence. *See, e.g.*, *Bell v. State*, 2015 Ark. 370, at 3 (per curiam).

Burgess is entitled to 120 days' credit against his sentence. I respectfully dissent.

BAKER, J., joins in this dissent.

*Kent C. Krause*, Deputy Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson*, Ass't Att'y Gen., for appellee.