SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–15–844

|  |  |
|---|---|
| GARY SAYLORS | **Opinion Delivered** June 8, 2016 |
| APPELLANT | |
| | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION |
| V. | [NO. CR 11-3380] |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE BARRY SIMS, JUDGE |
| | APPEAL DISMISSED |

## CLIFF HOOFMAN, Judge

Gary Saylors appeals the Pulaski County Circuit Court's denial of his request for jail-time credit against his sentence of imprisonment. On appeal, he argues that he is entitled to "shock incarceration" jail-time sentencing credit pursuant to Arkansas Code Annotated section 5-4-404 (Repl. 2013). Because we do not allow appeals from a guilty plea, we must dismiss this appeal.

Appellant was charged by information with aggravated assault on a family or household member and terroristic threatening in the first degree. On November 21, 2011, appellant pleaded guilty and was placed on probation for 5 years and incarcerated for 120 days in the county jail with 73 days' jail credit as a condition of his probation. After a petition for revocation was filed on October 9, 2012, appellant pleaded guilty to violating the terms and conditions of his probation on November 30, 2012, and he was placed on probation for 52 months with 5 days' jail credit. The State filed a subsequent petition for revocation on May

19, 2015, and a hearing was held on June 25, 2015.

At the hearing, appellant indicated that he was pleading guilty; however, his counsel argued that he was entitled to 125 days' jail credit over the State's objection. After hearing oral argument on the issue, the circuit court agreed with the State and found that appellant was entitled to only 5 days' jail credit. The circuit court subsequently inquired whether appellant still wished to plead guilty after its jail–credit ruling or whether he wished to instead proceed with a revocation hearing. Appellant pleaded guilty and was sentenced to serve 36 months' imprisonment with 5 days' jail credit. This appeal followed.

As his sole point on appeal, appellant argues that the circuit court erred in denying him jail-time-sentencing credit for the time he served in the county jail as a condition of his probation imposed on November 21, 2011, pursuant to Arkansas Code Annotated section 5-4-404. However, before reaching the merits of appellant's argument, we must first decide whether his case falls within an exception to the general rule that a defendant cannot appeal from a plea of guilty. Ark. R. App. P.–Crim. 1 (2015). As our supreme court recently explained in *Burgess*, there are three exceptions to the general rule. *Burgess v. State*, 2016 Ark. 175, ___ S.W.3d ___. First, Arkansas Rule of Criminal Procedure 24.3(b) (2015) states that a defendant may enter a conditional plea of guilty, reserving in writing the right to appeal from the judgment on three grounds, none of which are applicable here. *Id*. Second, a plea of guilty may be appealed when there is a challenge to testimony or evidence presented in a sentencing hearing separate from the plea itself. *Id*. Finally, appeals from posttrial motions challenging the validity and legality of the sentence itself are appealable. *Id*.

Cite as 2016 Ark. App. 325

This case is analogous to our decision in *Kennedy*, wherein a defendant requested jail-time credit at his plea hearing before pleading guilty. *See Kennedy v. State*, 2013 Ark. App. 140. In *Kennedy*, we stated,

> Appellant's appeal does not fall within any of the exceptions allowing an appeal from a guilty plea. He did not enter a conditional plea; the court did not hold a separate hearing for taking appellant's plea and sentencing him; and appellant did not file a posttrial motion to modify his sentence. Unlike the defendant in *Jones* [*v. State*, 301 Ark. 510, 785 S.W.2d 217 (1990)], the jail-time-credit case in which the supreme court allowed an appeal from a guilty plea, appellant did not file a posttrial motion to modify his sentence. Rather, he requested jail-time credit at the beginning of his plea hearing. After discussion of the issue and a ruling by the judge from the bench that he was denying appellant's request for the additional jail-time credit, the court continued with the plea hearing, and appellant pleaded guilty in all four cases. This is not an appeal from the decision on a posttrial motion. The denial of jail-time credit was an integral part of the acceptance of appellant's guilty plea.

*Kennedy*, 2013 Ark. App. 140, at 3–4.

As in *Kennedy*, appellant did not file a posttrial motion to modify his sentence. Rather, he requested jail-time credit at his plea hearing. After discussion of the issue and a ruling by the circuit court from the bench that it was denying appellant's request for the additional jail-time credit, the circuit court continued with the plea hearing, and appellant pleaded guilty. Thus, the denial of jail-time credit was an integral part of the acceptance of appellant's guilty plea, and we must dismiss this appeal.

Appeal dismissed.

VIRDEN and VAUGHT, JJ., agree.

*Colleen A. Barnhill*, Deputy Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson*, Ass't Att'y Gen., for appellee.