Cite as 2019 Ark. App. 326

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–18–88

| | |
|---|---|
| | **Opinion Delivered** June 5, 2019 |
| CHRISTOPHER BRADY PARKER<br><div align="right">APPELLANT</div> | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-16-445] |
| V. | |
| STATE OF ARKANSAS<br><div align="right">APPELLEE</div> | HONORABLE JOHN HOMER WRIGHT, JUDGE |
| | AFFIRMED; MOTION TO BE RELIEVED GRANTED |

## BRANDON J. HARRISON, Judge

Christopher Brady Parker pled guilty to one count of aggravated robbery and was sentenced by a jury to seventeen years in the Arkansas Department of Correction. Parker's counsel has now filed a motion to be relieved as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k) (2018), alleging that this appeal is without merit. Parker was notified of his right to file pro se points for reversal via certified mail, but he has not done so. We affirm the sentencing order and grant counsel's motion to be relieved.

Parker was charged with aggravated residential burglary and theft of a firearm. The information was later amended to include two additional counts of aggravated robbery. He ultimately pled guilty to one count of aggravated robbery; specifically, he admitted that he drove two other individuals to the home of Mary and Harvey Parker, his grandparents, and

waited outside as the two individuals entered the home, assaulted his grandparents, and stole money and several firearms. A jury was convened to decide his sentence.

At the sentencing hearing, Harvey Parker testified that on the afternoon of 18 April 2016, a young man knocked on his door and said he had car trouble and needed help. The man then pushed open the door, knocking Harvey to the ground, and pointed a gun at his face. The man also pushed Mary down and pointed a gun at her. A second young man entered the home and retrieved several firearms from their bedroom, and the first man took several hundred dollars out of Harvey's wallet. Harvey stated that he now must use a walker to get around and that his wife, who has osteoporosis and previously used a walker, cannot walk on her own. At the time of this incident, Harvey was eighty-five years old, and his wife was eighty-four years old. Mary's testimony was consistent with Harvey's, and they both testified that they thought they had a good relationship with their grandson and had always tried to help him.

Asher White, one of the other participants in the robbery, testified that he, Parker, and River Williams, the third participant, had been doing drugs, primarily methamphetamine, in the days leading up to the robbery. He agreed that Parker was a "reluctant participant" in the robbery.

Patsy and James Miller, Parker's in-laws, both testified that they had never seen violent behavior from Parker and that Parker was a good father to his three-year-old son. Morganne Parker, Parker's wife, testified that she and Parker had been married for three years but that they were separated when this incident occurred because Parker had been

using methamphetamine. She described him as an "amazing father" when he is clean and expressed her wish that he not receive a long prison sentence.

The jury reached a unanimous decision that Parker be sentenced to seventeen years' imprisonment. The court entered a sentencing order in June 2017, and this appeal followed.

Because this is a no-merit appeal, counsel is required to list each ruling adverse to the defendant and to explain why each adverse ruling does not present a meritorious ground for reversal. *Anders*, 386 U.S. at 744; Ark. Sup. Ct. R. 4–3(k)(1). The test is not whether counsel thinks the circuit court committed no reversible error, but whether the points to be raised on appeal would be wholly frivolous. *Anders*, *supra*. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Id*.

As a general rule, a defendant has no right to appeal from a plea of guilty. Ark. R. App. P.–Crim. 1(a) (2018). A defendant may appeal from a guilty plea under three limited exceptions: (1) a conditional guilty plea under certain specified circumstances pursuant to Arkansas Rule of Criminal Procedure 24.3(b); (2) when the assignment of error is from a sentence or sentencing procedure that was not an integral part of the acceptance of the plea, *see Burgess v. State*, 2016 Ark. 175, 490 S.W.3d 645; and (3) an appeal from a guilty plea when the issue on appeal is one of evidentiary errors that arose after the plea but during the sentencing phase of the trial, regardless of whether a jury was impaneled or the trial judge sat as the trier of fact during that phase. *King v. State*, 2013 Ark. App. 342. Parker did not enter a conditional plea; therefore, he can only appeal from an error arising from sentencing.

3

Counsel has identified seven adverse rulings to Parker and explained why each one does not present a meritorious ground for reversal. The first adverse ruling was the overruling of the defense's objection to the State playing a video recording of Parker's interview with police wherein he admitted his involvement in the crime. There were problems with playing the video, so the only portion played in open court was an officer administering Parker's *Miranda* rights. However, the video was entered into evidence and available for the jury to view during deliberations. Counsel argues that he cannot argue in good faith that the showing of the video of Parker being Mirandized was prejudicial to Parker, especially because he received a sentence within the statutory range for his crime. We also note that while the interview video was available to jurors in deliberation, we have no way of knowing whether it was viewed, and this court will not presume prejudice. *Ferguson v. State*, 343 Ark. 159, 33 S.W.3d 115 (2000).

The second adverse ruling occurred when the circuit court overruled the defense's objection to the State impeaching its own witness, Asher White, with a prior inconsistent statement and badgering its own witness. Counsel argues that Ark. R. Evid. 607 allows impeachment by any party, including the party that called the witness, and that it was within the circuit court's discretion to protect a witness from harassment or embarrassment under Ark. R. Evid. 611(a)(3).

The third adverse ruling occurred after the circuit court sustained the State's objection to defense counsel asking White if Dillon Parker, Parker's half brother, had mentioned his grandparents to White. The defense argued that it was Dillon who initially gave them the idea to rob the grandparents. The State argued that anything Dillon, who

4

was not a party in the case, had said was hearsay. Counsel explains that to be admissible, anything Dillon said had to fit within a hearsay exception or be offered for a purpose other than the truth of the matter asserted. Counsel asserts that none of the hearsay exceptions apply and that the defense was eliciting the testimony in an attempt to show that Dillon, not Parker, was the instigator of the robbery.

The fourth adverse ruling occurred when the State asked White on redirect examination if he had known where Parker's grandparents lived before the robbery, and the defense objected because the question was outside of the State's direct examination. The court stated that the State could recall White as a witness and pursue further direct examination, but rather than requiring that, the court would let the State proceed. Counsel contends that there is no specific rule on whether redirect examination may expand on the scope of direct examination, but because it is within the circuit court's discretion to allow cross-examination to expand outside the scope of direct examinination, it seems reasonable and not an abuse of discretion to allow a new line of questioning in redirect examination.

The fifth adverse ruling occurred when the State objected to a statement made by defense counsel during closing arguments. Defense counsel told the jury that Parker had gone through a twelve-step program while in jail; the State argued that was a fact not in evidence, and the court agreed. Counsel states that closing arguments are confined to the facts introduced at trial and that no one had testified that Parker had participated in a twelve-step program. Therefore, the court did not abuse its considerable discretion in this area.

The sixth adverse ruling occurred during the State's closing argument. The State noted that while Parker's attorney had argued in closing that while in jail, Parker had

5

undergone a "period of self evaluation [and] did an inventory of everything he did wrong," no one had testified to that. The defense objected and argued that the State was trying to use Parker's failure to testify as evidence. The court overruled the objection, ruling that the State was arguing that defense counsel's statements had not been supported by the evidence and that such argument was proper. Counsel argues that the circuit court has broad discretion in these matters and that the circuit court did not abuse its discretion in this case; counsel also cites supreme court precedent involving very similar circumstances in *Dickerson v. State*, 363 Ark. 437, 214 S.W.3d 811 (2005).

The final adverse ruling occurred after the circuit court pronounced Parker's sentence of seventeen years' imprisonment. Defense counsel asked the court to consider suspending two of those years, but the circuit court denied the request and reaffirmed that it would accept the verdict of the jury. Counsel asserts that Parker faced a sentencing range of ten to forty years, that his sentence was well within that range, and that therefore, he can show no prejudice from the circuit court's ruling.

From our review of the record and the brief presented to us, we agree with counsel that the adverse rulings in this case present no meritorious ground for reversal. We therefore affirm the sentence and grant counsel's motion to be relieved.

Affirmed; motion to be relieved granted.

GRUBER, C.J., and ABRAMSON, J., agree.

*Ogles Law Firm, P.A.*, by: *John Ogles*, for appellant.

One brief only.