Cite as 2019 Ark. App. 423

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CR–19–152

| | |
|---|---|
| GARY G. SEYLLER, JR. | **Opinion Delivered:** October 2, 2019 |
| APPELLANT | |
| | APPEAL FROM THE CLEBURNE |
| V. | COUNTY CIRCUIT COURT |
| | [NO. 12CR-18-81] |
| STATE OF ARKANSAS | |
| APPELLEE | |
| | HONORABLE TIM WEAVER, |
| | JUDGE |
| | |
| | AFFIRMED |

## RITA W. GRUBER, Chief Judge

Appellant Gary G. Seyller, Jr., was convicted by a Cleburne County Circuit Court jury of possession of a firearm by certain persons pursuant to Ark. Code Ann. § 5-73-103(c)(1)(A) (Repl. 2016), a Class B felony. He was sentenced as a habitual offender to twelve years' imprisonment. On appeal, appellant argues that the circuit court erred as a matter of law in finding that a prior federal conviction was a violent-felony conviction as contemplated by Ark. Code Ann. §§ 5-73-103(c)(1)(A) and 5-73-101(11) (Supp. 2017). We affirm.

On March 26, 2018, appellant was charged with five offenses: (1) possession of firearms by certain persons under Ark. Code Ann. § 5-73-103(c)(2), a Class D felony; (2) criminal impersonation under Ark. Code Ann. § 5-37-209(b)(1)(A), a Class A misdemeanor; (3) obstruction of governmental operations under Ark. Code Ann. § 5-54-102(b)(1), a Class A misdemeanor; (4) driving with a suspended license under Ark. Code Ann. § 27-16-

303(a)(1), an unclassified misdemeanor; and (5) failure to register/expired tags under Ark. Code Ann. § 27-14-701, an unclassified misdemeanor. The State amended the felony information on October 24, 2018, changing the possession–of–firearms charge by certain persons to a Class B felony under Ark. Code Ann. § 5-73-103(c)(1)(A), alleging that appellant had a prior violent-felony conviction. A jury trial took place on October 26, 2018.

At the beginning of trial, appellant's counsel objected to the State's amendment of the possession charge, arguing that appellant's federal conviction for aggravated assault under 18 U.S.C. § 113(a)(3), which was relied on to amend the charge from a Class D to a Class B felony, did not qualify as a prior violent-felony conviction under Ark. Code Ann. § 5-73-101(11). The State argued that appellant pled guilty to aggravated assault, indicating that the federal indictment provided that appellant "did assault with a dangerous weapon, namely his vehicle, Cleburne County Deputy Bernum . . . with the intent to do bodily harm"; and that the offense meets the definition of a violent felony. Appellant's counsel responded that Ark. Code Ann. § 5-73-101(11) requires the prior conviction to have one of the four elements set out in section 5-73-101(11)(A)–(D) as an element of the offense and that the facts related to the prior conviction do not matter. The State responded that the conviction at issue met the definition of a violent felony under subdivisions (11)(B) and (D). The circuit court ruled that the prior conviction met the definition of a violent felony under subdivisions (11)(B) and (D).

The only count submitted to the jury was the possession charge because the State nolle prossed the other four counts. The jury found appellant guilty and sentenced him as a habitual offender to twelve years' imprisonment.

2

We review issues of statutory construction de novo. *Thompson v. State*, 2014 Ark. 413, at 5, 464 S.W.3d 111, 115. We construe criminal statutes strictly, resolving any doubts in favor of the defendant. *Id.* We also adhere to the basic rule of statutory construction, which is to give effect to the intent of the legislature. *Id.* We construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, and if the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Id.* A statute is ambiguous only where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. *Magness v. State*, 2012 Ark. 16, at 3, 386 S.W.3d 390, 393.

Pursuant to Ark. Code Ann. § 5-73-103(a), it is unlawful for a convicted felon to possess a firearm. The offense is a Class B felony if the person has a prior violent-felony conviction under Ark. Code Ann. § 5-73-103(c)(1)(A). Arkansas Code Annotated section 5-73-101(11) defines violent-felony conviction:

> (11) "Violent felony conviction" means a conviction for any felony offense against the person which is codified in § 5-10-101 et seq., § 5-11-101 et seq., § 5-12-101 et seq., § 5-13-201 et seq., § 5-13-301 et seq., § 5-14-101 et seq., and § 5-14-201 et seq., or any other offense containing as an element of the offense one (1) of the following:
>
> (A) The use of physical force;
> (B) The use or threatened use of serious physical force;
> (C) The infliction of physical harm; or
> (D) The creation of a substantial risk of serious physical harm.

Thus, for purposes of Ark. Code Ann. § 5-73-103(c)(1)(A), a conviction for an offense that is not specifically listed must contain as an element one of the elements set out in Ark. Code Ann. § 5-73-101(11)(1)(A)–(D). Whether a prior felony is a violent felony is a question of

law. *Ferguson v. State*, 362 Ark. 547, 555, 210 S.W.3d 53, 57 (2005) (stating "the violent nature of the felony was not an essential element that the prosecution had to prove to the jury; it merely had to be demonstrated to the judge").

The 2005 federal conviction at issue resulted from appellant's guilty plea to a charge of aggravated assault, a Class C felony, under 18 U.S.C. § 113(a)(3), which provides that "[w]hoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows: . . . (3) Assault with a dangerous weapon, with intent to do bodily harm, by a fine under this title or imprisonment for not more than ten years, or both."

Assault with a dangerous weapon under the federal statute contains the following elements: (1) the defendant assaulted the victim; (2) the defendant intended to do bodily harm; (3) the defendant used a dangerous weapon to commit the assault; and (4) the offense took place within the territorial jurisdiction of the United States. *United States v. Herron*, No. CR. 06-50063-RHB, 2007 WL 9735933, at *3 (D.S.D. Apr. 26, 2007), *aff'd*, 539 F.3d 881 (8th Cir. 2008). Assault under the federal statute is defined by common law as an offer or attempt by force or violence to do a corporal injury to another. *United States v. Yates*, 304 F.3d 818, 822 (8th Cir. 2002) (citing *United States v. Bear Ribs*, 562 F.2d 563, 564 (8th Cir. 1977)). A dangerous weapon is defined as an object capable of inflicting bodily injury. *United States v. Steele*, 550 F.3d 693, 699 (8th Cir. 2008). Thus, the question is whether appellant's conviction for assault with a dangerous weapon pursuant to 18 U.S.C. § 113(a)(3) contains one of the four elements set out in Ark. Code Ann. § 5-73-101(11)(A)–(D).

In support of their arguments, both parties argue that the statute is unambiguous. We agree and hold that "assault with a dangerous weapon" in 18 U.S.C. § 113(a)(3) contains the element listed in Ark. Code Ann. § 5-73-101(11)(B)—the use or threatened use of serious physical force.

Assault under the federal statute includes the threatened use of force. Physical force is not defined in our state's general criminal definitions, but it is defined by the subchapters on justification and robbery as "any bodily impact, restraint, or confinement" or the "threat of any bodily impact, restraint, or confinement." Ark. Code Ann. § 5-2-601(6) & § 5-12-101. Notably, the term "serious physical force" is not defined in the Arkansas Code. *Black's Law Dictionary* defines "serious" as "dangerous" or "potentially resulting in death or other severe consequences." *Black's Law Dictionary* 1399 (8th ed. 2004).

Giving the word "serious" its usual and ordinary meaning, assault with a dangerous weapon requires serious physical force. The threat of bodily impact, restraint, or confinement when committed with a dangerous weapon is a threat of serious force. Thus, appellant's conviction under 18 U.S.C. § 113(a)(3) qualifies as a violent felony under Ark. Code Ann. § 5-73-101(11)(B).

Because we hold that the federal offense qualifies as a violent felony under Ark. Code Ann. § 5-73-101(11)(B), we need not address whether it qualifies under the other sections.

Affirmed.

HARRISON and MURPHY, JJ., agree.

*Denton and Zachary, PLLC*, by: *Joe A. Denton*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Chris R. Warthen*, Ass't Att'y Gen., for appellee.