Cite as 2025 Ark. App. 291

# ARKANSAS COURT OF APPEALS
## DIVISION II
#### No. CR-24-622

| | | |
|---|---|---|
| ANTONIO REID | | Opinion Delivered May 7, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-23-326] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JOSH FARMER, JUDGE |
| | APPELLEE | |
| | | DISMISSED |

### WENDY SCHOLTENS WOOD, Judge

Antonio Reid appeals an order of the Saline County Circuit Court sentencing him as a habitual offender to an aggregate of ninety-five years' imprisonment following his guilty plea to fleeing in a vehicle with serious physical injury, failing to stop after an accident with serious injury or death, and failing to stop after an accident with property damage of greater than $10,000. For reversal, Reid argues that the circuit court erred in not complying fully with Rule 24.4 of the Arkansas Rules of Criminal Procedure. We dismiss the appeal.

On June 1, 2023, Reid was charged with fleeing in a vehicle or conveyance with serious injury in violation of Arkansas Code Annotated section 5-54-125(d)(3) (Repl. 2016), failure to stop after an accident resulting in serious physical injury or death in violation of Arkansas Code Annotated section 27-53-101(d) (Repl. 2022), and failure to stop after an accident with property damage greater than $10,000 pursuant to Arkansas Code Annotated

section 27-53-102(d)(2) (Repl. 2022). The State also alleged that Reid was a habitual offender having previously been convicted of four or more felonies. *See* Ark. Code Ann. § 5-4-501 (Repl. 2024).

On May 13, 2024, Reid entered a guilty plea in open court—the substance of which serves as the basis of his argument on appeal—and requested a hearing for the circuit court to determine his sentence. Reid signed a written guilty-plea statement on May 13, which was filed on May 14. The guilty-plea statement listed each offense with the minimum and maximum range of punishment for each offense: fleeing in a vehicle with serious physical injury, Class B felony, five to forty years and/or a fine up to $15,000; failure to stop after an accident with serious physical injury, Class B felony, five to forty years and/or a maximum fine up to $15,000; and failure to stop after an accident with property damage, Class D felony, zero to fifteen years and/or a fine up to $10,000. The plea statement also included a habitual-offender notation.

A sentencing hearing took place on July 18. At the outset of the hearing, the prosecutor discussed each of the three charges, the range of punishment, and Reid's acknowledgment of his habitual-offender status. In addition to playing the video of the police chase, the State presented the testimony of two of the individuals involved in the resulting collisions. Reid also testified at the hearing and acknowledged he had pled guilty and admitted his wrongdoing. In closing, the State recommended ninety-five years' imprisonment, noting that he would be eligible for parole after fifteen years. The circuit

court accepted the State's recommendation and sentenced Reid to an aggregate of ninety-five years' imprisonment. This appeal followed.

For his sole argument on appeal, Reid contends that his conviction should be reversed because the circuit court erred in not complying with Rule 24.4, which provides:

> The court shall not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally, informing him of and determining that he understands:
>
> (a) the nature of the charge;
>
> (b) the mandatory minimum sentence, if any, on the charge;
>
> (c) the maximum possible sentence on the charge, including that possible from consecutive sentences;
>
> (d) that if the offense charged is one for which a different or additional punishment is authorized because the defendant has previously been convicted of an offense or offenses one (1) or more times, the previous conviction or convictions may be established after the entry of his plea in the present action, thereby subjecting him to such different or additional punishment; and
>
> (e) that if he pleads guilty or nolo contendere he waives his right to a trial by jury and the right to be confronted with the witnesses against him, except in capital cases where the death penalty is sought.

Reid contends that the circuit court failed to meet the requirements of Rule 24.4 at the May 13 plea hearing because it did not "fully" articulate what the charges were or the maximum penalties for them. He argues that the only charge specifically mentioned at the plea hearing carried a fifteen-year maximum term of imprisonment. The State responds that Reid's appeal should be dismissed because his appeal from the guilty plea is not allowed.

Arkansas Rule of Appellate Procedure–Criminal 1(a) provides that there shall be no appeal from a plea of guilty or nolo contendere. There is an exception for conditional pleas of guilty pursuant to Arkansas Rule of Criminal Procedure 24.3(b). Two additional exceptions to the general rule are (1) when there is a challenge to testimony or evidence presented in a sentencing hearing separate from the plea itself, and (2) when the appeal is from a posttrial motion challenging the validity and legality of the sentence itself. *Burgess v. State*, 2016 Ark. 175, 490 S.W.3d 645.

None of these exceptions apply. Reid did not enter a conditional plea. His argument is not based on testimony or evidence admitted at the separate sentencing hearing, and he is not appealing a posttrial motion challenging the validity or legality of the sentence itself. Accordingly, we dismiss the appeal.

Dismissed.

GLADWIN and THYER, JJ., agree.

*Nobles Law Firm, PLLC*, by: *Ethan C. Nobles*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.