KAREN R. BAKER, Associate Justice. |!Appellant, Derek Coy Holcomb, was convicted by a Crawford County Circuit Court jury of one count of internet stalking of a child. Holcomb was sentenced to a five-year suspended sentence and an $8,000 fine. This court has jurisdiction pursuant to Ark. Sup.Ct. R. l-2(b)(l), (5), and (6) (2013), as this case presents issues of first impression, substantial public interest, and the constitutionality of the statute. Between October 23, 2009, and June 10, 2010, Holcomb engaged in online chats with a person identified on Yahoo internet service as “Amanda,” who used the screen name “pageant_gurl43.” “Amanda” or “pageant_gurl43” was actually Detective Donald Eversole with the Van Burén Police Department; Detective Eversole set up a profile for a fictional fifteen-year-old girl on an internet-romance chat room. Holcomb and Eversole exchanged 846 instant messages through the chat room. The two exchanged messages about age, sexual experience, residence, and photos of each other, as well as sexually explicit exchanges. After Rthese exchanges, on June 28, 2010, Holcomb was arrested for internet stalking of a child in violation of Ark.Code Ann. § 5-27-306. Holcomb’s first trial ended in a hung jury; he was retried on March 11, 2013, and the jury found him guilty. This appeal followed. Holcomb raises two points on appeal: (1) the circuit court erred by denying Holcomb’s motion for directed verdict, and (2) the circuit court erred in denying Holcomb’s motion to declare Ark.Code Ann. § 5-27-306 unconstitutional under the First Amendment. Sufficiency of the Evidence For his first point on appeal, Holcomb asserts that the circuit court erred in denying his motion for directed verdict on one count of internet stalking of a child. We treat a motion for a directed verdict as a challenge to the sufficiency of the evidence. Whitt v. State, 365 Ark. 580, 232 S.W.3d 459 (2006). When reviewing a challenge to the sufficiency of the evidence, this court assesses the evidence in the light most favorable to the State and considers only the evidence that supports the verdict. Gillard v. State, 366 Ark. 217, 234 S.W.3d 310 (2006). We will affirm a judgment of conviction if substantial evidence exists to support it. Id. Substantial evidence is evidence which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. Ricks v. State, 316 Ark. 601, 873 S.W.2d 808 (1994). We need consider only that testimony which supports the verdict of guilty. Thomas v. State, 312 Ark. 158, 847 S.W.2d 695 (1993). Finally, “we strictly construe criminal statutes and resolve any doubts in favor of the defendant. There is no better settled rule in criminal jurisprudence than that criminal statutes must be strictly construed and |spursued. The courts cannot, and should not, by construction or intendment, create offenses under statutes which are not in express terms created by the Legislature.” Williams v. State, 347 Ark. 728, 742, 67 S.W.3d 548, 556 (2002) (internal citations omitted). Holcomb’s first point on appeal requires us to interpret the statute at issue, Ark.Code Ann. § 5-27-306(a)(2) (Supp.2009). The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. Madness v. State, 2012 Ark. 16, 386 S.W.3d 390. When the language is plain and unambiguous, there is no need to resort to rules of statutory construction, and the analysis need go no further. Id. We review issues of statutory interpretation de novo because it is for this court to decide what a statute means. Id. When dealing with a penal statute, this court strictly construes the statute in favor of the party sought to be penalized. Id. The relevant statute, Ark.Code Ann. § 5-27-306(a)(2), provides: (a) A person commits the offense of internet stalking of a child if the person being twenty-one (21) years of age or older knowingly uses a computer online service, internet service, or local internet bulletin board service to: (2) Seduce, solicit, lure, or entice an individual that the person believes to be fifteen (15) years of age or younger in an effort to arrange a meeting with the individual for the purpose of engaging in: (A) Sexual intercourse; (B) Sexually explicit conduct; or (C) Deviate sexual activity.... A violation of this subsection is a Class B felony if the person “attempts to arrange a meeting with a child fifteen (15) years of age or younger,” even if a meeting never takes place, and it is a Class A felony if an actual meeting with the child does takes place. Ark.Code Ann. |4 § 5-27-306(b). Holcomb contends that the circuit court erred in denying his motion for directed verdict because the State failed to put forth sufficient evidence that he had seduced, solicited, lured, or enticed Eversole in an “effort to arrange a meeting” with a person he believed to be fifteen years old. Further, citing to multiple cases from our court of appeals, Holcomb contends that our appellate courts have never upheld a conviction under this statute absent a defendant’s specific arrangement to meet with the victim.[1] The State responds that the statute does not require a specific arrangement to meet the victim and that the discussions between Holcomb and Eversole were sufficient to show an effort to arrange a meeting for the purpose of sexual activity. At issue is whether there is sufficient evidence to demonstrate that Holcomb acted in an effort to arrange a meeting with Eversole. In applying our rules of statutory interpretation, we must give the words their ordinary and usually accepted meaning. Oxford American Dictionary defines “effort” as “determined attempt.” “Arrange” is defined as “organize or make plans.” Meeting is defined as “a coming together of two or more people.” Oxford American Dictionary 544, 87 (2001). Applying these ordinary definitions to the statutory language, Holcomb must have made a determined attempt to organize or plan a coming together with Eversole, who he believed was fifteen years old. Turning to the facts of Holcomb’s case, we review the evidence in the light most |fifavorable to the State. The record contains 846 messages that were exchanged between Eversole and Holcomb between October 23, 2009, and June 10, 2010. The State introduced the transcript of messages exchanged through Detective Ever-sole. The State specifically points to the following exchanges and asserts that the nature of the exchanges demonstrates Holcomb’s effort to arrange a meeting. On March 19, 2010, the two exchanged the following messages: Holcomb: I think you should drive to lr [Little Rock] when you turn 16. [[Image here]] Eversole: u can drive here ... here now.... Holcomb: hmmmm. Holcomb: but you still live with your parents. On June 4, 2010, the two exchanged the following messages: Holcomb: where are u at? fort smith? Eversole: van burén...! u know where that is? HolCOmb: yeah. Holoomb: my buddy lives there.' Eversole: cool. Holoomb: ... im going to rogers tomorrow. Eversole: why. HolCOmb: for work shit. [[Image here]] Holoomb: want me to go up a night early to go to see my buddy in van burén? | bEversole: really. Holoomb: Yeah maybe. Eversole: really ... .just to see me .... really HolCOmb: well im heading that direction this weekend anyway. Holcomb: i havent visited my boy in a while Eversole: cool ... .that would be fun [[Image here]] Holcomb: just text messaged my boy HolCOmb: he isnt in van burén tonight Holoomb: he’ll be back tomorrow for a sec. Holoomb: but then has to go to dallas Eversole: so u aint coming HolCOmb: guess not [[Image here]] Eversole: yeah yeah.... ok.... sounds like all talk.... gonna come and see me ... then change ur mind.... but its cool. [[Image here]] Holoomb: youre 15 and live with your mom! Eversole: so. Later on June 4, 2010, the two exchanged the following messages: Holcomb: you’d be scared to death if i really did come over? ? ? ? EveRSOLE: what ... heck ... no ... we have talk for a while ... not scared .... anxious..worried u wouldnt like me thats all. [[Image here]] 17H0LCOMB: well, i would Eversole: u have said that and then u said that it was too far to drive. HolCOmb: it is 3 hours, babe. Eversole: i get ... no worries HolCOmb: and no definite place to stay the night Eversole: get a room ... i could tell my mom that i was staying the night with a friend. [[Image here]] Holoomb: thats a great idea Holcomb: except im broke. [[Image here]] Eversole: yeah yeah ... another excuse ... its cool [[Image here]] Holoomb: my boy isnt in town Holoomb: too broke for a hotel room Eversole: ok ... then we r out of luck then Holoomb: try another time? Eversole: yeah and u will come up with another excuse. In reviewing the record in the light most favorable to the State, we note the following additional exchanges. On April 2, 2010, the two exchanged the following messages: Holcomb: old enough for guys to come see you. [[Image here]] 1 sEversole: well yeah. [[Image here]] Holoomb: too bad im not closer. Eversole: yep. HolCOmb: sorry. On June 4, 2010, the two also exchanged the following messages: Holcomb: come up there an bang you all night? ? ? [[Image here]] Eversole: how long would it take u to get here ... lol Holcomb: it would take forever. Eversole: wow. ... k ... thats far Holoomb: i know [[Image here]] Eversole: ... how much does it cost for a room ... .i got a lil money ... damn u Holcomb: depends on the place Eversole: i got like 65 dollars.... [[Image here]] Eversole: u think that would be enough Holcomb: prolly Eversole: k Holcomb: ok i gotta go eat On June 10, 2010, the two also exchanged the following messages: [ 9H0LCOMB: if you lived any closer, we’d get together tonight Eversole: mmm that would be fricking nice The State asserts that the discussions described supra serve as substantial evidence to support that Holcomb engaged “in an effort to arrange a meeting” with Eversole and satisfies the statutory requirement of acting “in an effort to arrange a meeting.” We disagree. These passages do not support that Holcomb made a determined attempt to arrange a meeting with Eversole. A review of the record demonstrates a lack of substantial evidence to support that Holcomb attempted to plan or arrange a meeting with Ever-sole. This court must strictly construe statutes in favor of the defendant, and the record is simply absent substantial evidence to support that Holcomb acted in an effort to arrange a meeting with a person he believed to be fifteen years old. Although Holcomb’s messages pose hypo-theticals, they do not demonstrate that he made a determined attempt to plan to meet Eversole.[2] In fact, the record demonstrates that Holcomb declined Ever-sole’s request to meet several times. We hold, therefore, that there was not substantial evidence to find that Holcomb’s conduct satisfied the statutory requirements. Thus, the circuit court erred in denying Holcomb’s motion for |indirected verdict. Accordingly, Holcomb’s conviction and sentence are reversed and dismissed. Because we have reversed and dismissed on Holcomb’s first point, we do not reach his remaining point on appeal. Reversed and dismissed. HANNAH, C.J., and CORBIN and DANIELSON, JJ„ dissent. . See, e.g., Smoak v. State, 2011 Ark. 529, 385 S.W.3d 257; Todd v. State, 2012 Ark. App. 626, 425 S.W.3d 25; Tipton v. State, 2011 Ark. App. 166, 2011 WL 714940; Kelley v. State, 103 Ark.App. 110, 286 S.W.3d 746 (2008); Gikonyo v. State, 102 Ark.App. 223, 283 S.W.3d 631 (2008). . The dissent states that “[t]he majority appears to agree with Holcomb’s assertion that the State failed to prove that he had made an effort to arrange a meeting with Amanda because, during his conversations with her, he was only playing a game and had no intention on ever meeting her[J” This is incorrect. We do not refer to Holcomb's intent. Rather, we review the evidence in the light most favorable to the State and conclude that there is not substantial evidence to support the State's assertion that Holcomb acted "in an effort to arrange a meeting” as required by the statute. Additionally, there is no question as to credibility, as the dissent asserts. Instead, the exchanges between Holcomb and Eversole are precisely reproduced in the record and are undisputed. While those exchanges are undoubtably reprehensible, they simply fail to prove that Holcomb acted "in an effort to arrange a meeting.”