
# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-16-322

JAYLAN EALY

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered** January 25, 2017

APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SECOND DIVISION
[NO. 60CR-14-824]

HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE

AFFIRMED

---

### N. MARK KLAPPENBACH, Judge

Appellant Jaylan Ealy challenges the sufficiency of the evidence supporting his conviction for committing a terroristic act. Appellant argues that his conduct did not meet the statutory definition of a terroristic act. We affirm.

Appellant was charged with aggravated robbery, first-degree battery, aggravated assault, and committing a terroristic act following a shooting outside a party in North Little Rock. Testimony at trial established that Jerod Crutchfield attended the party with three other teenagers. When the four were leaving the party, they walked past appellant, who asked Crutchfield for marijuana and then for change. After Crutchfield got in his vehicle, appellant approached the open driver's door, pulled out a gun, and told Crutchfield to give him "everything." Crutchfield testified that after telling appellant that he did not have anything, appellant got mad and attempted to hit him with the gun. Crutchfield then pulled

out his own gun, and appellant shot four times, striking Crutchfield in the jaw, neck, shoulder, and leg.

At the time he was shot, Crutchfield was sitting in the driver's seat of his vehicle with the door open, and appellant was standing outside the vehicle. A detective testified that two .380 casings were found inside the vehicle and one was found outside the vehicle. The detective said that the gun was in close proximity to the vehicle when it was discharged. Appellant was convicted of all charges as well as firearm enhancements and was sentenced to an aggregate of fifty-five years' imprisonment. Appellant appeals only his conviction for committing a terroristic act.

In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Hunt v. State*, 354 Ark. 682, 128 S.W.3d 820 (2003). We affirm a conviction if substantial evidence exists to support it. *Id*. Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id*.

A person commits a terroristic act if, while not in the commission of a lawful act, the person shoots at or in any manner projects an object at a conveyance which is being operated or which is occupied by another person with the purpose to cause injury to another person or damage to property. Ark. Code Ann. § 5-13-310(a)(1) (Repl. 2013). Appellant bases his appeal on the interpretation of the phrase "shoots at a conveyance."

We review issues of statutory construction de novo. *Thompson v. State*, 2014 Ark. 413, 464 S.W.3d 111. We construe criminal statutes strictly, resolving any doubts in favor of the defendant. *Id.* We also adhere to the basic rule of statutory construction, which is to give effect to the intent of the legislature. *Id.* We construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, and if the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Id.* A statute is ambiguous only where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. *Magness v. State*, 2012 Ark. 16, 386 S.W.3d 390.

Appellant contends that the word "at" in the phrase "shoots at a conveyance" has several meanings and that we should apply its narrowest meaning—"that which is the goal of an action or that toward which an action is directed." He argues that his goal in firing the gun from point blank range was to shoot the victim. Appellant contends that he was standing so close to the open driver's-side door that he shot directly at the victim and did not shoot at a conveyance.[1] The State argues that, when reading the entire provision and not just

---

[1] In a case cited by appellant, the California Supreme Court rejected the argument that a defendant had not shot "at" a vehicle because the gun had crossed the threshold of the vehicle. *People v. Manzo*, 270 P.3d 711 (Cal. 2012). The court held that a more reasonable interpretation of the statute recognized a violation when the shooter stands outside and fires at an occupied motor vehicle, regardless of whether the shooter is standing so close that the gun breaks the plane of the vehicle. Here, appellant acknowledges that he was standing outside the vehicle when he fired the gun.

SLIP OPINION

the isolated phrase, the statute clearly requires the defendant to have the goal or purpose of causing injury to another person or damage to property, not the goal or purpose of shooting the conveyance. The State contends that appellant necessarily shot at the vehicle when he shot at the victim seated in the vehicle, thus committing the offense of a terroristic act.

We agree with the State. The plain language of the statute provides that the necessary intent, or goal of the action, is the purpose to cause injury to another person or damage to property, and that shooting at or projecting an object at a conveyance is a secondary act. *See Frost v. State*, 2010 Ark. App. 163 (holding that intent to shoot at a vehicle is not required). The legislative intent to protect against injury or damage is evidenced by the plain language of the statute. The appellant's goal to shoot and injure the victim was the material element of the offense. Appellant had the requisite mental purpose of injuring the victim, and to accomplish this goal, he shot into an occupied vehicle. We hold that this conduct constitutes shooting at an occupied conveyance with the purpose to cause injury to another person.

Affirmed.

HARRISON and WHITEAKER, JJ., agree.

*William R. Sipson, Jr.*, Pub. Def., by: *Clint Miller*, Deputy Pub. Def., for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.