

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-16-950

KEITH D. SHELTON

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

Opinion Delivered March 29, 2017

APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CR-14-448]

HONORABLE JODI RAINES DENNIS, JUDGE

AFFIRMED

## LARRY D. VAUGHT, Judge

Appellant Keith Shelton was convicted by a Jefferson County jury of one count of first-degree murder and three counts of committing a terroristic act. On appeal, he challenges the sufficiency of the evidence, contending that his conduct did not meet the statutory definition of a terroristic act; therefore, the State failed to prove the three terroristic-act convictions and the first-degree murder conviction. We affirm.

Testimony at trial established that on August 13, 2014, Alfred Burton, Jr., was driving in Altheimer, Arkansas, with two passengers—Thrisdon Eason in the front and Romona Conner in the back. As Burton traveled down West Third Street, Shelton, driving a truck, passed Burton headed in the opposite direction. Both vehicles slowed and then stopped. Shelton backed his truck up to Burton's vehicle, and the two briefly spoke. Shelton exited his vehicle, walked to the open driver's-side window of Burton's vehicle, and punched Burton in the head. Eason then exited Burton's car and approached Shelton. Conner ran out of Burton's vehicle but remained nearby. Eason and Shelton exchanged words and scuffled. Burton

testified that he ordered Eason to return to Burton's car, which Eason did. At that time, Shelton walked to his truck and retrieved a gun. Burton testified that he opened his car door and had one foot on the ground when he looked up and saw the barrel of Shelton's gun being pointed at him. Burton said that Shelton shot him. Conner testified that Shelton fired his gun five or six times into the front driver's side of Burton's vehicle and that both Burton and Eason were in the vehicle as Shelton fired into it. Another witness, Ja'vreon McGown, testified that Burton and Eason were in the vehicle when Shelton fired his gun. Eason was struck twice—once in the arm and once in the chest—and he died as a result of the chest injury. Burton was struck in the head and survived.

The jury convicted Shelton of one count of first-degree murder and three counts of committing a terroristic act.[1] The jury sentenced Shelton to thirty-five years' imprisonment for the first-degree murder of Eason, thirty years' imprisonment for the terroristic act against Burton, ten years' imprisonment for the terroristic act against Eason, and five years' imprisonment for the terroristic act against Burton's vehicle. The jury recommended that only the thirty-five and thirty-year terms run consecutively. The jury further found that Shelton employed a firearm as a means of committing first-degree murder and each of the terroristic-act counts; however, it sentenced him to serve zero years for the enhancements. The circuit court accepted the jury's recommendations and sentenced Shelton to a total of sixty-five years' imprisonment. This appeal followed.

---

[1]The three terroristic-act counts were based on Shelton's shooting at a vehicle occupied by Eason and Burton with the purpose of (1) causing serious physical injury to Burton (head); (2) causing physical injury to Eason (arm); and (3) causing damage to the vehicle.

On appeal, Shelton challenges the sufficiency of the evidence supporting all four of his convictions. He contends that his conduct did not meet the statutory definition of a terroristic act because the State failed to prove that he was firing "at a conveyance" that Burton was occupying. He argues that if the State failed to prove a terroristic act, then it also failed to prove first-degree felony murder.

In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Ealy v. State*, 2017 Ark. App. 35, at 2, ___ S.W.3d ___, ___. We affirm a conviction if substantial evidence exists to support it. *Id.*, ___ S.W.3d at ___. Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.*, ___ S.W.3d at ___.

A person commits first-degree murder if "[t]he person commits or attempts to commit a felony; and in the course and in the furtherance of the felony . . . the person . . . causes the death of any person under circumstances manifesting extreme indifference to the value of human life." Ark. Code Ann. § 5-10-102(a)(1)(A)–(B) (Repl. 2013). In this case, the underlying felony was the commission of a terroristic act.

A person commits a terroristic act if, while not in the commission of a lawful act, the person shoots at or in any manner projects an object at a conveyance which is being operated or which is occupied by another person with the purpose to cause injury to another person or damage to property. Ark. Code Ann. § 5-13-310(a)(1). Shelton focuses his appeal on the interpretation of the phrase "shoots . . . at a conveyance" and raises two points. He argues that he was not firing at Burton's vehicle—he was firing at Burton—and that Burton was not occupying the vehicle. Shelton cites Burton's testimony that he had opened his door and had

3

one foot out of his vehicle when he was shot. From that testimony, Shelton argues that "it can be inferred that [Burton] was stepping from his vehicle, that the driver's door was open, and that he was no longer in control of his vehicle behind the wheel operating it." Shelton continues, arguing that he had no interest in the vehicle and "was solely directing his shots, although somewhat inaccurately, at the person he was confronting, Mr. Burton." We disagree.

First, intent to shoot at a vehicle is not required under the terrorisic-act statute. In *Frost v. State*, 2010 Ark. App. 163, a jury convicted the appellant of committing a terroristic act based on evidence that he shot his victim four times as she sat alone in her car. The appellant argued on appeal that the record contained no evidence that he intended to shoot at a vehicle because he was shooting at the victim. We rejected the argument and affirmed, holding that section 5-13-310 only requires proof that the appellant shot at a conveyance occupied by the victim with the purpose of injuring her. *Frost*, 2010 Ark. App. 163, at 2 (citing *Stephenson v. State*, 373 Ark. 134, 137, 282 S.W.3d 772, 776 (2008); *Warren v. State*, 103 Ark. App. 124, 128–30, 286 S.W.3d 768, 772–73 (2008)); *see also Ealy*, 2017 Ark. App. 35, at 4, ___ S.W.3d at ___ (affirming the terroristic-act conviction; stating that the plain language of the terroristic-act statute provides that the necessary intent or goal of the action is the purpose to cause injury to another person or damage to property and that shooting at or projecting an object at a conveyance is a secondary act). Therefore, based on *Frost* and *Ealy*, the State was not required to prove that Shelton intended to shoot at a conveyance that was occupied by Burton and Eason; just that Shelton in fact shot at the conveyance they were occupying regardless of whether he intended to do so.

Second, when viewing the evidence favorable to the State, we are satisfied that there was substantial evidence that Shelton shot at a conveyance that was occupied by Burton.

Burton testified that he had opened his car door and had one foot on the ground, but he was still in the vehicle when Shelton shot him. His testimony was clear that he never got out of his vehicle. Conner testified that Burton was in the vehicle as Shelton fired into it. McGown testified that Burton was in the vehicle when Shelton fired his gun. One eyewitness's testimony is sufficient to sustain a conviction. *Hawkins v. State*, 2009 Ark. App. 675, at 4. Here, the jury heard the testimony of three eyewitnesses.

On this record, the only evidence that Burton was standing outside his vehicle with one foot on the ground and one foot inside the car came from Shelton. The jury was not required to believe Shelton's testimony. The credibility of witnesses is an issue for the jury and not the court. *Moore v. State*, 372 Ark. 579, 581, 279 S.W.3d 69, 72 (2008). Our supreme court has held that the jury may resolve questions of conflicting testimony and inconsistent evidence and may choose to believe the State's account of the facts rather than the defendant's. *Coggin v. State*, 356 Ark. 424, 436, 156 S.W.3d 712, 720 (2004). The appellate court reviewing the case will not second-guess the determinations of the trier of fact. *Lowe v. State*, 2016 Ark. App. 389, at 7, 500 S.W.3d 176, 180.

In conclusion, we hold that substantial evidence supports the first-degree murder and the three terroristic-act convictions. Therefore, we affirm.

Affirmed.

ABRAMSON and KLAPPENBACH, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.