Cite as 2020 Ark. App. 71

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–19–614

| | | |
|---|---|---|
| N.R. | APPELLANT | **Opinion Delivered:** February 5, 2020 |
| | | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NOS. 72JV-19-132 & 72JV-19-170] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE STACEY ZIMMERMAN, JUDGE |
| | | AFFIRMED |

## BART F. VIRDEN, Judge

Appellant N.R. appeals from the Washington County Circuit Court's orders granting the State's motion to transfer his case from the juvenile division of circuit court to the criminal division of circuit court and denying his motion to quash the State's motion to transfer. In this interlocutory appeal, N.R. argues that the circuit court erred (1) by not quashing the State's motion to transfer because the hearing was not timely conducted in accordance with Ark. Code Ann. § 9-27-318(f) (Repl. 2015) and (2) by granting the State's motion to transfer because there were programs available through juvenile court that could rehabilitate him. We affirm.

### I. *Background & Procedural History*

On February 21, 2019, the State filed a delinquency petition in the Washington County Circuit Court charging N.R. with accomplice to theft of property, a Class B felony;

accomplice to commercial burglary, a Class C felony; minor in possession of a handgun, a Class D felony; and first-degree criminal mischief, a Class A misdemeanor. The charges stemmed from an incident that occurred on February 15, 2019, when N.R. was almost seventeen years old (DOB: 4-2-2002). He and others had unlawfully entered an Ace Hardware store in Prairie Grove; destroyed a glass door, door-alarm system, and glass rifle and handgun cases; and stole seventy-seven firearms valued at over $25,000.

N.R. was detained on February 21, 2019. On March 8, the State filed a motion to transfer N.R.'s case from the juvenile division of circuit court to the criminal division. On March 11, the circuit court entered an order setting a transfer hearing for March 25. On the day of the hearing, N.R. filed a motion to quash the State's motion to transfer based on his assertion that the hearing was untimely because it was held thirty-three days after he had been detained. The circuit court denied N.R.'s motion and found that "a clear reading of Section 9-27-318 is that the transfer hearing occur within 30 days <u>FROM the date of the Motion to Transfer the case if the juvenile is in detention</u>." Following the hearing, the circuit court granted the State's motion to transfer N.R.'s case from the juvenile division to the criminal division. N.R. has appealed both orders.

## II. *Discussion*

### A. Statutory Construction

We review issues of statutory interpretation de novo because it is for this court to decide what a statute means. *Ealy v. State*, 2017 Ark. App. 35, 511 S.W.3d 355. The basic rule of statutory construction is to give effect to the intent of the legislature. *Id.* In considering the meaning and effect of a statute, we first construe it just as it reads, giving

the words their ordinary and usually accepted meaning in common language. *Id.* When the language is plain and unambiguous, we will not resort to rules of statutory construction, and the analysis need go no further. *Id.* It is also a fundamental canon of construction that when interpreting or construing a statute, the court may consider the text as a whole to derive its meaning or purpose. *Id.* When dealing with a penal statute, this court strictly construes the statute in favor of the party sought to be penalized. *Holcomb v. State*, 2014 Ark. 141, 432 S.W.3d 600.

N.R. cites Ark. Code Ann. § 9-27-318(f) for the proposition that "the court shall conduct a transfer hearing within thirty (30) days if the juvenile is detained." N.R. argues that the circuit court failed to conduct a transfer hearing within thirty days of his detention. He contends that, because his hearing was held thirty-three days after he was first detained, the circuit court's order transferring his case to the criminal division of circuit court is a nullity. He argues that the circuit court thus erred in denying his motion to quash the State's motion to transfer.

The relevant portions of section 9-27-318 provide the following:

> (e) *Upon the motion of the court or of any party*, the judge of the division of circuit court in which a delinquency petition or criminal charges have been filed shall conduct a transfer hearing to determine whether to transfer the case to another division of circuit court.

> (f) The court shall conduct a transfer hearing within thirty (30) days if the juvenile is detained and no longer than ninety (90) days from the date of the motion to transfer the case.

(Emphasis added.)

The statutory-construction argument raised by N.R. has been recently rejected by this court. In a case involving one of N.R.'s cohorts, this court held that, when subsections

3

(e) and (f) are read together, it is clear that the legislature intended the time limitations to commence from the date a motion to transfer is filed. *D.Q. v. State*, 2019 Ark. App. 593, 590 S.W.3d 219. A plain reading of the statute as a whole makes clear that the time for holding a transfer hearing if one is detained commences from the date the motion to transfer is filed.

## B. Motion to Transfer

Under Arkansas law, a prosecuting attorney has discretion to charge a juvenile sixteen years of age or older in the criminal division of circuit court if the juvenile has engaged in conduct that, if committed by an adult, would be a felony. Ark. Code Ann. § 9-27-318(c)(1). On the motion of the court or any party, the court in which the criminal charges have been filed shall conduct a hearing to determine whether to transfer the case to another division of circuit court having jurisdiction. Ark. Code Ann. § 9-27-318(e). The circuit court shall order the case transferred to another division of circuit court only upon a finding by clear and convincing evidence that the case should be transferred. Ark. Code Ann. § 9-27-318(h)(2). Clear and convincing evidence is that degree of proof that will produce in the trier of fact a firm conviction as to the allegation sought to be established. *Z.T. v. State*, 2015 Ark. App. 282. We will not reverse a circuit court's determination of whether to transfer a case unless the decision is clearly erroneous. *Id*. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been committed. *Id*.

Subsection (g) of section 9-27-318 provides that in a transfer hearing. the court shall consider all the following factors:

4

(1) The seriousness of the alleged offense and whether the protection of society requires prosecution in the criminal division of circuit court;

(2) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;

(3) Whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted;

(4) The culpability of the juvenile, including the level of planning and participation in the alleged offense;

(5) The previous history of the juvenile, including whether the juvenile has been adjudicated a juvenile offender and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence;

(6) The sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated as an adult;

(7) Whether there are facilities or programs available to the judge of the juvenile division of circuit court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday;

(8) Whether the juvenile acted alone or was part of a group in the commission of the alleged offense;

(9) Written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and

(10) Any other factors deemed relevant by the judge.

The circuit court shall make written findings on all the factors set forth above. Ark. Code Ann. § 9-27-318(h)(1). Proof need not be introduced against the juvenile on each factor, and the circuit court is not required to give equal weight to each of the statutory factors in arriving at its decision. *D.D.R. v. State*, 2012 Ark. App. 329, 420 S.W.3d 494.

N.R. argues that the circuit court clearly erred with respect to factor (7) because it found that there were no programs available through the juvenile court that could

5

rehabilitate him. N.R. asserts that this finding is contrary to the testimony of Erica Orellana, his probation officer.

At the hearing, Orellana testified about N.R.'s history, including the following cases: J2015-167-3, J2017-355-3, J2017-356-3, J2017-663-3, and J2018-856. She testified about the various services that had been offered to N.R. and the referrals that had been made for him. Orellana said that N.R. did not willingly participate in or complete all the services, that he had shown no remorse for his behavior, and that his behavior "just continues to escalate." She further testified that "[t]here are no other facilities or programs available to the defendant that have not already been offered at this point." On cross-examination, Orellana said that "it might be possible that DYS could rehabilitate [N.R.]" but added that "he's already been to DYS once and was released and then committed more offenses again."

In its order granting the State's motion to transfer, the circuit court found in part that "[t]here are not any programs available through juvenile court that can rehabilitate Defendant. Juvenile Court programs have been tried, but have not rehabilitated [N.R.]."

While N.R. concedes that no one factor is dispositive, he contends that the possibility for rehabilitation is "clearly one of, if not *the*, most important factors to be considered." He points out that Arkansas's public policy is that, if possible, juveniles should be rehabilitated rather than jailed as retributive punishment. N.R. asks this court to remand for the circuit court to reconsider its decision in light of its erroneous finding.

Even assuming arguendo that the circuit court erred with respect to this one finding, the circuit court determines the weight of each factor, and several other factors weighed in favor of transferring N.R.'s case to the criminal division of circuit court. *D.D.R.*, *supra*. We

6

cannot say that the circuit court clearly erred in its decision granting the State's motion to transfer N.R.'s case to the criminal division of circuit court.

Affirmed.

SWITZER and BROWN, JJ., agree.

*Ogles Law Firm, P.A.*, by: *William Ogles*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.