Cite as 2024 Ark. App. 396

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-23-714

| | |
|---|---|
| CHAD CASON | **Opinion Delivered** June 5, 2024 |
| APPELLANT | APPEAL FROM THE GRANT COUNTY CIRCUIT COURT |
| V. | [NO. 27CR-23-10] |
| STATE OF ARKANSAS | HONORABLE CHRIS E WILLIAMS, JUDGE |
| APPELLEE | AFFIRMED |

## WAYMOND M. BROWN, Judge

A Grant County Circuit Court jury found appellant Chad Cason guilty of possession of a firearm by certain persons, a Class B felony, in violation of Arkansas Code Annotated section 5-73-103.[1] In an order filed on July 7, 2023, Cason was sentenced as a habitual offender to a term of fifteen years' incarceration in the Arkansas Division of Correction. On appeal, Cason argues that the circuit court erred in denying his directed-verdict motion because the State failed to prove he possessed the firearm discovered in his vehicle. We affirm.

On January 16, 2023, Officer Mary Stephenson of the Sheridan Police Department conducted a traffic stop on a green Lincoln Town Car that had no license plate. During the subsequent search of the vehicle, a loaded nine-millimeter handgun was found under the driver's seat. Cason, the driver and sole occupant of the vehicle, was charged with possession of a firearm by

---

[1](Supp. 2023).

certain persons. The State additionally sought to enhance Cason's sentence under the habitual-offender statute.

At trial, Officer Stephenson testified that she pulled over the vehicle driven by Cason because it did not have a license plate. Officer Stephenson stated that Cason appeared to have "trouble physically" getting out of the car; she grabbed Cason's left arm to assist him while Deputy Brian Sweeney, who had arrived on scene, grabbed Cason's right arm. Officer Stephenson testified that while she was assisting Cason, before Deputy Sweeney secured Cason's other arm, she saw him reach under the driver's seat with his right arm. Cason resisted and attempted to pull his arms away from the officers; however, they were able to successfully handcuff Cason. Officer Stephenson stated that during an inventory search of the vehicle, she checked the area where Cason was reaching; under the driver's seat she discovered a "handgun that was out of the holster loaded and ready to be fired."

Grant County Sheriff's Deputy Sweeney testified that when Officer Stephenson had Cason by his left arm to assist him out of the vehicle, Cason made a "downward reach" with his right arm and was "clearly reaching for something." Deputy Sweeney then grabbed Cason's right arm and removed him from the vehicle.

Cason testified that Officer Stephenson informed him that his license was suspended and there was a warrant for his arrest. He stated that the license suspension was from more than ten years prior and that he had since obtained a valid license in Pennsylvania. Cason testified that he begged the officers not to take him to jail "because of the cancer"; however, they proceeded to handcuff him, and Deputy Sweeney "slung [him] against the car and he planted his knees in [Cason's] kidneys, [and] he hollers, stop resisting." When asked whether he wanted to make a statement pertaining to the stop and arrest and the possession-of-a-firearm-by-certain-persons charge, Cason testified regarding

2

a "live trap" for squirrels that was in the trunk of his vehicle when he was arrested. On cross-examination, Cason testified that he had prior convictions for terroristic threatening, residential burglary, possession of methamphetamine, possession of ephedrine, and attempted possession of a controlled substance with intent to deliver.

Cason moved for a directed verdict at the close of the State's case. He argued there was insufficient evidence that he "knew or should have known there was a pistol under the driver's seat. And that there's been no evidence that he exercised or could exercise actual dominion or control over the firearm." The circuit court denied the motion. Cason renewed his directed-verdict motion at the close of all evidence, which was again denied. Cason was convicted of possession of a firearm by certain persons and sentenced to fifteen years in prison. He now appeals.

On appeal, Cason challenges the sufficiency of the evidence supporting his conviction. He argues that the circuit court erred in denying his motion for directed verdict because the evidence was insufficient to establish that he possessed the firearm discovered under the driver's seat in his vehicle. He contends that there was no evidence presented that he knew or should have known there was a firearm under the seat of the vehicle he was driving.

We treat a motion for a directed verdict as a challenge to the sufficiency of the evidence.[2] When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict.[3] We will affirm a

---

[2]*Kelley v. State*, 103 Ark. App. 110, 286 S.W.3d 746 (2008).

[3]*Id.*

3

judgment of conviction if substantial evidence exists to support it.[4]  Substantial evidence is evidence

of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way

or the other without resorting to speculation or conjecture.[5]  We defer to the jury's determination

on the matter of witness credibility.[6]  Jurors do not and need not view each fact in isolation; rather,

they may consider the evidence as a whole.[7]  The jury is entitled to draw any reasonable inference

from circumstantial evidence to the same extent that it can be drawn from direct evidence.[8]  The jury

may resolve questions of conflicting testimony and inconsistent evidence and may choose to believe

the State's account of the facts rather than the defendant's.[9]  We  need only consider testimony that

supports the guilty verdict.[10]  Circumstantial evidence may provide the basis for a conviction if it is

consistent with the defendant's guilt and inconsistent with any other reasonable explanation of the

crime.[11]

---

[4]*Id.*

[5]*Id.*

[6]*Id.*

[7]*Id.*

[8]*Id.*

[9]*Dunn v. State*, 371 Ark. 140, 264 S.W.3d 504 (2007).

[10]*Holcomb v. State*, 2014 Ark. 141, 432 S.W.3d 600.

[11]*Robinson v. State*, 2016 Ark. App. 240, 491 S.W.3d 481.

A person commits the offense of possession of a firearm by certain persons if the person has been convicted of a felony and possesses or owns a firearm.[12] Cason stipulated to his status as a "prior-convicted felon" and challenges only the proof supporting the finding that he possessed the firearm found in his vehicle.

Possession of a firearm by certain persons requires a showing that the defendant "possessed" the firearm. It is not necessary that the State prove actual possession of the firearm, and a defendant's constructive possession will suffice.[13] A showing of constructive possession, which is the control or right to control the contraband, is sufficient to prove possession of a firearm.[14] Constructive possession may be inferred when the firearm is found in a place immediately and exclusively accessible to the accused and subject to his or her control.[15]

Cason argues that the State failed to demonstrate that he exercised dominion or control over the firearm found in his vehicle. He asserts that "there would have to be some other factor linking [him] to the firearm, such as fingerprints." We observe that Cason was the sole occupant of the vehicle in which the firearm was discovered. An "additional factor" is required to link the accused to the contraband in cases involving joint occupancy.[16] That is not the situation in the present case.

---

[12]Ark. Code Ann. § 5-73-103(a)(1).

[13]*Taylor v. State*, 2022 Ark. App. 464, 655 S.W.3d 330.

[14]*White v. State*, 2014 Ark. App. 587, 446 S.W.3d 193.

[15]*Johnson v. State*, 2014 Ark. App. 567, 444 S.W.3d 880.

[16]*See Loggins v. State*, 2010 Ark. 414, 372 S.W.3d 785.

Here, the firearm was found under the driver's seat of the vehicle driven and owned by Cason. Cason was the only occupant of the vehicle. The loaded firearm was located directly under Cason's seat, to which he had immediate and exclusive access and control. There is sufficient evidence of constructive possession when a firearm is found under the driver's seat of a car occupied solely by the defendant.[17] To the extent Cason argues there was no evidence that he knew the firearm was under his seat, Officer Stephenson and Deputy Sweeney testified that they saw Cason attempt to reach under the seat with his right arm. Viewing the evidence in the light most favorable to the verdict, we hold that there is substantial evidence that Cason constructively possessed the firearm discovered in his vehicle.

Affirmed.

BARRETT and THYER, JJ., agree.

*Gregory Crain*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., and *Jeanette Morris*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the Supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.

---

[17]*Cain v. State*, 2020 Ark. App. 465, 609 S.W.3d 680.