Cite as 2026 Ark. App. 197

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-22-716

| | | |
|---|---|---|
| LAMIESHA TONEY | | Opinion Delivered April 1, 2026 |
| | APPELLANT | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CR-20-337] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE ALEX GUYNN, |
| | APPELLEE | JUDGE |
| | | AFFIRMED |

**N. MARK KLAPPENBACH, Chief Judge**

Following a jury trial in the Jefferson County Circuit Court, Lamiesha Toney was convicted of second-degree murder and first-degree battery. She was sentenced to a total of twenty years' imprisonment. On appeal, Toney challenges the sufficiency of the evidence supporting her convictions. We affirm.

Toney and a codefendant, Deric Smith, were both charged with capital murder in the death of Emmanuel Foster and first-degree battery in the shooting of Jason Anderson. Toney was found guilty of the lesser-included offense of second-degree murder and first-degree battery. Originally, her convictions were brought before this court in a no-merit appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(b) of the Rules of the Arkansas Supreme Court and Court of Appeals. However, this court ordered rebriefing after determining that Toney's counsel had failed to address adverse rulings resulting from

an objection and Toney's conviction of the lesser-included offense of second-degree murder. *Toney v. State*, 2025 Ark. App. 3. Following our opinion, Toney's counsel was relieved, and she was appointed new counsel, who has chosen to file a merit brief.

On appeal, Toney now argues that there was insufficient evidence that she acted as Smith's accomplice in shooting the two men. Before addressing the sufficiency of the evidence, Toney argues that she has adequately preserved her sufficiency arguments for both second-degree murder and first-degree battery. At the close of the State's case, Toney made the following directed-verdict motion:

DEFENSE COUNSEL: Your Honor, I would like to make a motion for directed verdict on the charge of capital murder. I don't think there's been any evidence presented that shows that either one of my clients was committing the crime of terrorism, rape, kidnapping, vehicular ‑ robbery, aggravated robbery, residential burglary, commercial burglary, aggravated residential burglary. And I think those crimes ‑ one of those crimes has to be going on during the commission of the crime in which a person dies under circumstances manifesting extreme indifference to the value of human life. So there's been no proof put on that any of that happened during this particular incident. So I'm asking for an acquittal on the charge of capital murder.

THE COURT: All right. State, any response?

THE STATE: Your Honor, just as the Court can see from the Information, this is charged as a premeditated and deliberated purpose of causing the death of any person, Deric Smith and Lamiesha Toney caused the death of Emmanuel Foster. So none of those points that Mr. Howard made are relevant to the charges that we've charged his clients with.

DEFENSE COUNSEL: Your Honor, they haven't proved any premeditation.

Following further argument from the State regarding premeditation, Toney's counsel continued as follows:

> Your Honor, anything that you may have heard that refers to Ms. Toney and her statement saying that the gentleman up in the passenger side of the front seat reached back and attacked her, then there was a struggle over the weapon; but there is nothing there that shows premeditation. So the elements of capital murder have not been fulfilled, and we're asking for a directed verdict.

The court recounted the evidence and denied Toney's directed-verdict motion. After discussion about other matters, the State noted that no directed-verdict motion had been made on the battery charge. Toney's counsel agreed that he had not made a motion on the battery charge and then requested "a directed verdict on the charge of battery as well, arguing that there hadn't been sufficient evidence to prove battery." The motion was denied. At the close of all the evidence, Toney's counsel renewed his directed-verdict motion on capital murder and battery, arguing that Toney's codefendant, Smith, was justified in his actions, that there was no premeditation, and that there was no evidence of the other crimes necessary for a capital-murder conviction.[1]

A motion for directed verdict is considered a challenge to the sufficiency of the evidence. *Jordan v. State*, 2011 Ark. App. 192. In order to preserve such a challenge for

---

[1]Toney was charged with capital murder under Arkansas Code Annotated section 5-10-101(a)(4) (Supp. 2019), and the jury was instructed that the State must prove beyond a reasonable doubt that "with the premeditated and deliberated purpose of causing the death of another person, either or both defendants, acting as a principal or an accomplice, caused the death of Emmanuel Foster." A different definition of capital murder under subdivision (a)(1) requires proof that the defendant committed or attempted to commit other crimes, as argued by Toney.

appeal, the motion for directed verdict must specify the respect in which the evidence is deficient. Ark. R. Crim. P. 33.1(c). A party cannot change the grounds for a motion on appeal but is bound by the scope and nature of the arguments he made below. *Jordan*, *supra*. Likewise, in order to preserve a challenge to the sufficiency of the evidence supporting a conviction for a lesser-included offense, a defendant must address the lesser-included offense either by name or by apprising the trial court of the specific elements questioned by his or her motion for directed verdict. *Id.*

As to the lesser-included offense of second-degree murder, the jury was instructed pursuant to Arkansas Code Annotated section 5-10-103(a)(1) (Repl. 2013) that the State must prove beyond a reasonable doubt that either or both of the defendants, acting as a principal or an accomplice, "knowingly caused the death of Emmanuel Foster under circumstances manifesting extreme indifference to the value of human life." For first-degree battery, the jury was instructed that it must find beyond a reasonable doubt that either or both of the defendants, acting as a principal or an accomplice, "with the purpose of causing physical injury to Jason Anderson, caused physical injury to Jason Anderson, by means of a firearm." *See* Ark. Code Ann. § 5-13-201(a)(8) (Supp. 2019).

Toney argues that the arguments in her initial directed-verdict motion that she was attacked and that there was a struggle over the weapon were sufficient to point out the flaws in the State's case.[2] We disagree. A full reading of her initial directed-verdict motion shows

---

[2]Toney relies on a case stating that "[t]he test for a sufficiently supported directed-verdict motion is whether the motion points to any specific flaws in the State's case or

that Toney challenged the lack of proof regarding the commission of other crimes and the lack of proof of premeditation. While it is not necessary to specifically state the lesser-included offense by name, the elements of that lesser-included offense must be addressed in the directed-verdict motion. *Davis v. State*, 362 Ark. 34, 207 S.W.3d 474 (2005). Neither of the elements addressed by Toney are elements of the crimes of which she was convicted. Furthermore, none of the arguments below preserved the arguments raised on appeal regarding lack of evidence to prove that Toney was an accomplice. *See Bienemy v. State*, 374 Ark. 232, 287 S.W.3d 551 (2008). Accordingly, Toney has failed to preserve her challenge to the sufficiency of the evidence of either offense.

Affirmed.

BARRETT and BROWN, JJ., agree.

*Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellant.

*Tim Griffin*, Att'y Gen., by: *James Hill*, Ass't Att'y Gen., for appellee.

---

identifies any elements of the criminal acts that had not been proved." *Taylor v. State*, 2017 Ark. App. 331, at 7, 522 S.W.3d 844, 849. While that case did not involve lesser-included offenses and addressed only whether a directed-verdict motion was sufficiently specific as to the charged crimes, it is clear that the "specific flaws" pointed to must be specific to or shared with the offenses for which the defendant is ultimately convicted.