Cite as 2026 Ark. App. 271

# ARKANSAS COURT OF APPEALS
## DIVISION IV
### No. CR-25-456

| | |
|---|---|
| CHAD ALAN DERRICK<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered April 29, 2026<br><br>APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT<br>[NO. 30CR-23-250]<br><br>HONORABLE STEPHEN L. SHIRRON, JUDGE<br><br>AFFIRMED |

**WAYMOND M. BROWN, Judge**

A Hot Spring County jury found appellant Chad Derrick guilty of criminal attempt to commit disarming an officer and sentenced him to one year of imprisonment. Appellant argues that the circuit court erred by denying his motion for directed verdict. We affirm.

On October 8, 2023, Sergeant Joshua Dicicco and Deputies Brian Douglas and Jeff Finley of the Hot Spring County Sheriff's Office, along with Sergeant Jeremy Bray of the Rockport Police Department, responded to a domestic-assault call at appellant's parents' home in Glen Rose. There were also allegations that appellant might be armed with a firearm. Officers entered the home and announced themselves. Appellant's mother came from the laundry room and subsequently exited the home. Appellant was told several times to come to officers, but instead, he exited the bathroom and went into the back bedroom.

He attempted to shut the door, but Dicicco, who was holding a ballistic shield, kicked the door open and they were able to enter the room. Dicicco attempted to pin appellant with the shield due to concerns about a possible firearm. Bray came from around Dicicco to secure appellant but got hit in the head with what he believed was appellant's fist as appellant was "striking out." Appellant lunged forward and was able to grab the barrel of the shotgun Douglas was holding. Appellant subsequently fell while still holding onto the shotgun with both hands. Douglas yelled for appellant to let go of the firearm, but appellant refused. Douglas pushed the shotgun into appellant's chest but appellant still would not let go of the shotgun. Douglas pushed the muzzle of the shotgun toward the ground, just in case it went off. Officers deployed "multiple drive stuns" before appellant released the barrel of the shotgun and was handcuffed.

Appellant faced multiple charges, including criminal attempt to commit disarming of an officer.[1] Appellant's jury trial took place on April 17, 2025. The above facts were presented, and the jury was also able to review body-cam footage during the State's case. At the conclusion of the State's evidence, appellant made a motion for a directed verdict, stating:

> On the charge of the criminal attempt to disarm -- disarm an officer, the elements of the case or of that particular charge are that in order to prove it, the [S]tate would have had to prove that Chad Derrick intended to commit the offense of disarming an officer. And, second, that he purposely engaged in conduct that was a substantial step in the course of conduct intended to culminate in the commission of the disarming of an officer. The testimony has been inconsistent, at best. It has been

---

[1]Appellant was acquitted of third-degree domestic battering and second-degree battery. His resisting-arrest charged was nolle prossed.

consistent to the point that the gun scraped or somehow injured Chad whenever it . . . struck him. There was testimony that he held the barrel of the gun, but he was face down. And Officer Douglas testified that, you know, as ‑ ‑ as soon as he saw Chad touch the gun, he pushed it forward. I don't believe that a reasonable jury could find the defendant guilty of intentionally trying to disarm an officer for the testimony that has come before it.

The circuit court denied the motion. The defense rested without putting on any evidence and unsuccessfully renewed the motion for directed verdict.

The jury found appellant guilty of criminal attempt to commit disarming of an officer and sentenced appellant to one year of imprisonment. The sentencing order was filed on April 29, 2025, and appellant filed a timely notice of appeal on May 20. This appeal followed.

Appellant argues that the circuit court erred by denying his motion for directed verdict. We treat a motion for a directed verdict as a challenge to the sufficiency of the evidence.[2] When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict.[3] We will affirm a judgment of conviction if substantial evidence exists to support it.[4] Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to

---

[2]*Cason v. State*, 2024 Ark. App. 396.

[3]*Id.*

[4]*Id.*

3

speculation or conjecture.[5]  We defer to the jury's determination on the matter of witness credibility.[6]  Jurors do not and need not view each fact in isolation; rather, they may consider the evidence as a whole.[7]  The jury may resolve questions of conflicting testimony and inconsistent evidence and may choose to believe the State's account of the facts rather than the defendant's.[8]

A person commits the offense of disarming an officer if, with the purpose of causing physical injury to the law enforcement officer or another person, the person purposely uses physical force to take from a law enforcement officer, the law enforcement officer's firearm.[9] A person's intent is seldom capable of proof by direct evidence and must usually be inferred from the circumstances of the crime.[10]  A person attempts to commit an offense if he or she purposely engages in conduct that would constitute the offense if the attendant circumstances were as the person believes them to be, or constitutes a substantial step in a

---

[5]*Id.*

[6]*Id.*

[7]*Id.*

[8]*Id.*

[9]Ark. Code Ann. § 5-54-134 (Repl. 2024).

[10]*Weatherford v. State*, 2025 Ark. 150, 720 S.W.3d 843.

course of conduct intended to culminate in the commission of an offense whether or not attendant circumstances are as the person believes them to be.[11]

In arguing that the circuit court erred by denying appellant's directed-verdict motion, appellant contends that it was impossible to tell if he was merely grabbing onto something to stop his fall or if he was trying to disarm an officer. The State argues that this argument is not preserved for our review. In order to preserve a challenge to the sufficiency of the evidence, the motion for directed verdict must specify the respect in which the evidence is deficient.[12] A party cannot change the grounds for a motion on appeal but is bound by the scope and nature of the argument made below.[13] Appellant never argued in his directed-verdict motion that he grabbed the shotgun to stop his fall and not for the purpose of disarming Douglas. Therefore, appellant's argument is not preserved, and we affirm.

Even if the argument was preserved, we would still affirm. Evidence showed that instead of coming to officers as ordered, appellant ran to the back bedroom and attempted to lock himself in. When officers entered the room, appellant hit Bray in the head and lunged forward and grabbed the barrel of Douglas's shotgun with both hands. Appellant did not let go of the shotgun when ordered and continued to hold it until he was tased

---

[11]Ark. Code Ann. § 5-3-201(a) (Repl. 2024).

[12]Ark. R. Crim. P. 33.1(c).

[13]*Toney v. State*, 2026 Ark. App. 197, ___ S.W.3d ___.

5

multiple times. This evidence is sufficient to show that appellant attempted to commit the offense of disarming a law enforcement officer.

Affirmed.

THYER and WOOD, JJ., agree.

*Gregory Crain*, for appellant.

*Tim Griffin*, Att'y Gen., by: *James Hill*, Ass't Att'y Gen., for appellee.