Cite as 2020 Ark. App. 19

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-19-358

| | |
|---|---|
| NATHAN REED ROWLAND<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** January 15, 2020<br><br>APPEAL FROM THE MILLER COUNTY CIRCUIT COURT<br>[NO. 46CR-18-282]<br><br>HONORABLE BRENT HALTOM, JUDGE<br><br>APPEAL DISMISSED; MOTION TO WITHDRAW GRANTED |

## PHILLIP T. WHITEAKER, Judge

This is a no-merit appeal from the revocation of appellant Nathan Rowland's probation. In June 2018, Rowland pled guilty to one count of theft of property, a Class D felony, and the Miller County Circuit Court sentenced him to seventy-two months' probation. The State filed a petition to revoke Rowland's probation in December 2018, alleging that he had violated numerous conditions thereof. At a revocation hearing in February 2019, Rowland pled guilty to all but one of the allegations in the State's petition; the court accepted Rowland's guilty plea and then heard evidence in support of the one ground to which Rowland did not plead. At the conclusion of the hearing, the circuit court revoked Rowland's probation and sentenced him to six years in the Arkansas

Department of Correction. The sentencing order expressly reflected that Rowland entered a negotiated plea of guilty to the revocation. Rowland filed a timely notice of appeal.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) (2019) of the Rules of the Arkansas Supreme Court and Court of Appeals, Rowland's counsel has filed a motion to withdraw on the ground that the appeal is wholly without merit. The clerk of our court furnished Rowland with a copy of his counsel's brief and notified him of his right to file pro se points for reversal within thirty days. Rowland did not file any points.

We must dismiss this appeal. Except as provided by Arkansas Rule of Criminal Procedure 24.3(b) (2019), there shall be no appeal from a plea of guilty or nolo contendere. Ark. R. App. P.–Crim. 1(a) (2019). Arkansas Rule of Criminal Procedure 24.3(b) allows a defendant to enter a conditional guilty plea under certain specified circumstances, but Rowland did not enter a conditional plea under Rule 24.3(b).

Our supreme court has recognized two other exceptions to Rule 1(a). One occurs when the assignment of error is from a sentence or sentencing procedure that was not an integral part of the acceptance of the plea. *Burgess v. State*, 2016 Ark. 175, 490 S.W.3d 645. The other arises in an appeal from a guilty plea when the issue on appeal is one of evidentiary errors that arose after the plea but during the sentencing phase of the trial, regardless of whether a jury was impaneled or the circuit court sat as the trier of fact during that phase. *Wooley v. State*, 2016 Ark. App. 343.

Neither of these exceptions apply in this case. Moreover, Rowland's six-year sentence for a Class D felony was within the statutory limits, *see* Ark. Code Ann. § 5-4-

401(a)(5) (Repl. 2013), and thus could not present an issue that could be raised for the first time on appeal. Rowland's appeal is therefore dismissed, and counsel's motion to withdraw is granted.

Appeal dismissed; motion to withdraw granted.

ABRAMSON and SWITZER, JJ., agree.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

One brief only.

3