Cite as 2021 Ark. App. 7

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CR-19-957

|  |  |  |
|---|---|---|
| SHAWN CROSBY | APPELLANT | **OPINION DELIVERED:** JANUARY 13, 2021 |
|  |  | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION |
| V. |  | [NO. 60CR-18-3975] |
|  |  | HONORABLE JAMES LEON JOHNSON, JUDGE |
| STATE OF ARKANSAS | APPELLEE | APPEAL DISMISSED; MOTION TO WITHDRAW GRANTED |

## ROBERT J. GLADWIN, Judge

This is a no-merit appeal of Shawn Crosby's guilty plea to a Class C misdemeanor criminal trespass in violation of Arkansas Code Annotated section 5-39-203(a)(2) (Repl. 2013). On October 24, 2018, the State filed a felony information against Crosby alleging that on or about October 8, he committed the felony offense of breaking or entering in violation of Arkansas Code Annotated section 5-39-202, subject to a sentence enhancement pursuant to Arkansas Code Annotated section 5-4-501(b) (Supp. 2019) because he had been previously convicted of four or more felonies.

On August 13, Crosby again appeared in the circuit court, with the assistance of counsel, and pleaded guilty to one count of Class C misdemeanor criminal trespass. The circuit court accepted Crosby's guilty plea, and on August 14, Crosby, with the assistance of counsel, signed a guilty-plea statement in which he stated that he understood that by pleading guilty to Class C misdemeanor criminal trespass he was waiving his right to appeal.

The sentencing order was filed on September 18, and Crosby filed a notice of appeal on October 15.

Crosby's appellate counsel filed a motion to withdraw and no-merit brief on June 5, 2020, pursuant to Rule 4–3(k)(1) (2020) of the Rules of the Arkansas Supreme Court and Court of Appeals and *Anders v. California*, 386 U.S. 738 (1967), asserting that there is no issue of arguable merit for an appeal. The clerk of our court attempted to provide Crosby with his attorney's motion and brief and to notify him of his right to file pro se points for reversal as provided in Arkansas Supreme Court Rule 4–3(k)(2). On July 7, the packet was returned and marked "undeliverable" after being unclaimed by Crosby at 7201 Kentucky Ave. #6, Little Rock, AR 72207. Counsel has no additional contact information for Crosby, and mail sent to that address from counsel was returned undeliverable. In light of Crosby's failure to file any points for reversal, there is no pleading from which the State could respond.

We must dismiss this appeal. Except as provided by Arkansas Rule of Criminal Procedure 24.3(b) (2020), there shall be no appeal from a plea of guilty or nolo contendere. Ark. R. App. P.–Crim. 1(a) (2020). Arkansas Rule of Criminal Procedure 24.3(b) allows a defendant to enter a conditional guilty plea under certain specified circumstances, but Crosby did not enter a conditional plea under Rule 24.3(b).

Our supreme court has recognized two other exceptions to Rule 1(a). One occurs when the assignment of error is from a sentence or sentencing procedure that was not an integral part of the acceptance of the plea. *Rowland v. State*, 2020 Ark. App. 19. The other arises in an appeal from a guilty plea when the issue on appeal is one of evidentiary errors

that arose after the plea but during the sentencing phase of the trial, regardless of whether a jury was impaneled or the circuit court sat as the trier of fact during that phase. *Id.*

Neither of these exceptions apply in this case. Moreover, Crosby's one-month jail sentence for committing the Class C misdemeanor of criminal trespass is legal as evidenced by the range of incarceration for a Class C misdemeanor as no more than thirty days, *see* Ark. Code Ann. § 5-4-401(b)(3) (Repl. 2013), and thus could not present an issue that could be raised for the first time on appeal. Crosby's appeal is therefore dismissed, and counsel's motion to withdraw is granted.

Appeal dismissed; motion to withdraw granted.

HARRISON, C.J., and BROWN, J., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

One brief only.