Cite as 2021 Ark. App. 285

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR–20–436

JEREMY TUTT

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered** June 2, 2021

APPEAL FROM THE SALINE
COUNTY CIRCUIT COURT
[NO. 63CR-14-424]

HONORABLE GRISHAM PHILLIPS,
JUDGE

APPEAL DISMISSED; MOTION TO
WITHDRAW GRANTED

## RITA W. GRUBER, Judge

This is a no-merit appeal from a revocation of a suspended sentence. Appellant Jeremy Tutt entered a negotiated plea of guilty to nonsupport, a Class C felony, on September 15, 2014. He was sentenced to ten years' suspended imposition of sentence (SIS) as reflected by the September 23, 2014 sentencing order and ordered to pay restitution in the amount of $12,604.38 in monthly installments of $105.04 along with court costs, fines, and fees. On June 8, 2015, an affidavit was filed in support of the revocation of appellant's SIS. The affidavit, signed by a child-support-enforcement investigator, provided in part that, according to the terms of his SIS, appellant agreed to pay his child-support arrearages in monthly installments of $105.04; he was to be gainfully employed at all times, support his legal dependents, and pay all court-ordered child support; and he was in default of his

agreement by being $945.36 behind on his restitution obligation and $1469 behind on his current obligation of $47 a month from September 2014 through May 19, 2015.

On November 11, 2019, appellant pled "true" in open court to the revocation, and sentencing was set for February 18, 2020. The sentencing hearing was continued until March 6 at which time the court revoked appellant's SIS and sentenced him to ninety months' imprisonment and ordered him to pay restitution of $25,426.38.

Pursuant to Arkansas Supreme Court Rule 4-3(k) and *Anders v. California*, 386 U.S. 738 (1967), appellant's counsel has filed a motion to withdraw stating that there is no merit to an appeal. The motion is accompanied by an abstract and addendum of the proceedings below and a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court served appellant with a copy of counsel's brief and notified him of his right to file within thirty days a pro se statement of points for reversal, but he has not done so.

Generally, a defendant may not appeal from a guilty plea. Ark. R. App. P.–Crim. 1(a) (2020). Exceptions to this rule include (1) conditional guilty pleas, (2) when the issue on appeal is one of evidentiary errors that happened during the sentencing phase of the trial, or (3) the denial of a postjudgment motion to amend an incorrect or illegal sentence. *Cummins v. State*, 2013 Ark. App. 657, at 2 (citing *Johnson v. State*, 2010 Ark. 63; *Reeves v. State*, 339 Ark. 304, 5 S.W.3d 41 (1999); Ark. R. Crim. P. 24.3(b)); *see also Crosby v. State*, 2021 Ark. App. 7. None of these exceptions apply. Therefore, the appeal is dismissed, and we grant the motion to withdraw.

Appeal dismissed; motion to withdraw granted.

BARRETT and WHITEAKER, JJ., agree.

*Jones Law Firm*, by: *F. Parker Jones III*, for appellant.

One brief only.